## 26674.   LEE v. PECK et al.

HAWES, Justice. Lee filed suit against Mrs. Peck and others doing business as Whitehall-Hunter Legal Building and against Ideal Realty Company seeking an injunction to restrain the defendants from dispossessing plaintiff and his subtenant from described premises, and, also, seeking a decree for specific performance of a lease and exemplary damages because of the stubborn litigiousness of the defendants. Attached as an exhibit to the complaint was a copy of the lease under which plaintiff claimed. It is dated August 27, 1970, and provides that plaintiff's tenancy shall commence on September 1, 1970, or at such time "as the present tenant shall vacate said premises, and the rental shall begin as of that date." The right of the plaintiff to sublet is expressly granted. It appears, without dispute as to the fact thereof, that on August 29, 1970, plaintiff went to the premises involved and found the previous tenant, Larry Cohran, in the process of moving out; that following a discussion between him and Cohran, an oral agreement was reached whereby plaintiff agreed to sublet the premises to Cohran on a temporary basis. Cohran paid the first month's rental due under the sublease agreement, in the amount of $350, to the plaintiff, and plaintiff paid to the defendants on or about September 1, 1970, the rental in the amount of $250, agreed to be paid under the plaintiff's lease with the defendants, which payment was accept-

ed by defendants. Thereafter, on October 1, 1970, the plaintiff, through his agent, tendered to the defendants the rental due for the month of October, which tender was refused. During his term as defendants' tenant, Cohran, the previous tenant, failed to pay the rent and the defendants instituted dispossessory proceedings which were pending at the time the plaintiff and the defendants entered into the lease here involved and were still pending when the present action was commenced. Defendants filed defensive pleadings. Affidavits were filed by both plaintiff and defendants after which defendants moved to dismiss the complaint on the ground that the same failed to state a claim or cause of action such as would entitle the plaintiff to the equitable relief sought and on the same day filed a motion for summary judgment relying upon the affidavit of one of the defendants, the sworn answer of the defendants and original or certified copies of the pleadings in two dispossessory warrant cases pending in the Civil Court of Fulton County against Cohran. The pleadings, together with the affidavits and exhibits relied upon by the movant substantially show the facts above outlined. The trial court passed two orders, one sustaining the motion for a summary judgment on the ground "that the complainant fails to show a cause for equitable relief," and the other sustaining the motion to dismiss plaintiff's complaint. These two orders are the subject of the plaintiff's appeal, the grounds of enumerated error being in substance that the court erred in sustaining the two motions. *Held:*

1. Appellee has filed in this court a motion to dismiss the appeal on the ground that "appellant has failed to have the deposition of appellant in said matter timely filed so as to be a part of the record." This is not a ground for dismissing the appeal. The motion is without merit and is, therefore, denied.

2. It is apparent that, in passing upon the motion to dismiss, the court took into consideration matters outside the pleadings, and, therefore, it is appropriate to treat

the order dismissing the complaint as one granting a summary judgment to the defendant. *Code Ann.* § 81A-112 (b). Thus, the orders appealed from, being in substance the same, will be considered together.

3. It is fundamental, of course, absent special circumstances, such as insolvency of the landlord, or inadequacy of any legal defense which could be interposed thereto, that equity will not interfere with a dispossessory proceeding to enjoin the same, since whatever defenses the tenant may have to such proceeding may be interposed in the dispossessory proceeding as readily as in a court of equity. *Flynn v. Merck,* 204 Ga. 420, 423 (49 SE2d 892); *Hall v. Johnston,* 206 Ga. 843 (59 SE2d 382); *Ehrlich v. Teague,* 209 Ga. 164, 168 (71 SE2d 232). The contention that the intervention of equity is necessary to avoid a multiplicity of suits is without merit. "While avoidance of a multiplicity of actions may in a proper case authorize the intervention of equity, it alone does not create an equitable cause of action regardless of other considerations. *Voyles v. Federal Land Bank of Columbia,* 182 Ga. 569 (186 SE 405)." *Ehrlich v. Teague,* supra, p. 166. The only possible multiple actions the plaintiff could have reference to in this case would be the institution of separate dispossessory proceedings against plaintiff's sublessee and against plaintiff. However, one dispossessory proceeding alone is sufficient to determine whether the lessors are entitled to possession of the premises, since lessees and sublessees of the same premises may be made parties defendant in such a single proceeding. *Fletcher v. Fletcher,* 123 Ga. 470 (1) (51 SE 418).

4. Ordinarily, "Where a contract for the sale of land is in writing, signed by both parties, is certain and fair, is for an adequate consideration, and capable of being performed, a court of equity, as a matter of course, will decree specific performance of the contract. *Clark v. Cagle,* 141 Ga. 703 (82 SE 21, LRA 1917A, 993); *Funk v. Browne,* 145 Ga. 828 (90 SE 64). The same principle is applicable in cases of contracts for the lease of land. *Rob-*

*inson v. Perry,* 21 Ga. 183 (68 AD 455)." *F. & W. Grand &c. Stores v. Eiseman,* 160 Ga. 321, 331 (127 SE 872). See *Black v. Milner Hotels,* 194 Ga. 828, 831 (22 SE2d 780). The term of the lease contract was to commence on September 1, 1970, and to run for five years. The lease contained a provision, obviously for the protection of the lessors, excusing them from giving possession of the premises on September first in the event they were unable to secure possession from the tenant then in possession. However, under the evidence which is undisputed, plaintiff found the tenant then in possession vacating the premises. He entered into an agreement with the tenant to sublet the premises to him and the subtenant went into possession. Plaintiff's subtenant's possession was plaintiff's possession. This obviated the provision of the lease excusing the lessor from delivering possession September first. Plaintiff tendered and the defendants accepted the first month's rent. No contention is made that the tender of the subsequent monthly rental payments was not a legal or continuing tender. The defendants thus have acknowledged plaintiff's possession. In both the *F. & W. Grand &c. Stores v. Eiseman* case and the *Black v. Milner Hotels* case, the lessee was not in possession of the premises. Here, as we have demonstrated, the lessee is in possession and he does not need to resort to equity in order to have the lease contract specifically performed. It follows that the plaintiff has no claim against the defendants for equitable relief, and the trial court did not err in granting the defendant's motion for summary judgment and in dismissing the complaint.

*Judgment affirmed. All the Justices concur.*
ARGUED SEPTEMBER 16, 1971—DECIDED DECEMBER 1, 1971— REHEARING DENIED DECEMBER 17, 1971.

*L. C. Chrietzberg, Chrietzberg & Anderson,* for appellant.
*Schwall & Heuett, Emory A. Schwall, Lee S. Alexander,* for appellees.