## 30324. SPEIR v. DAVIS et al.

GUNTER, Justice.

This appeal is from a judgment rendered after a temporary hearing that denied injunctive relief sought by appellant and dismissed appellant's equitable complaint. We affirm that judgment.

Appellees filed a dispossessory action against appellant on August 29, 1974, in the Civil Court of DeKalb County. On the same date appellant filed this action for equitable relief in DeKalb Superior Court. The superior court judge entered a temporary restraining order in favor of the appellant, later conducted a temporary hearing, and after the hearing he entered a judgment that denied a temporary injunction sought by the appellant and dismissed appellant's complaint "without prejudice to the plaintiff's right to assert any defenses or claims, which he may have, growing out of the transaction giving rise to said dispossessory proceeding" that was pending in the Civil Court of DeKalb County.

Appellees are lessors of real property, and appellant is the lessee, being the transferee of the original lessee, Texaco, Inc. The appellees filed their dispossessory action against appellant in the civil court and contended that the lease had terminated, and that the appellants should be

ousted from their property. The trial judge in this case found that the dispossessory action was pending in the civil court at the time appellant filed this action to enjoin appellees from pursuing their action in the civil court. The trial judge determined that the only material issue for decision in both cases was whether the appellant did or did not have the right to continue in possession of the property. He ruled: "That all the relief which plaintiff seeks in this action can be afforded plaintiff in said dispossessory proceeding." He therefore dismissed the equitable complaint ruling, in effect, that the action pending in the civil court could proceed.

The only equitable relief sought by the appellant in his complaint was to enjoin the appellees from pursuing their dispossessory action in the civil court. The trial judge properly declined to grant such injunctive relief and dismissed the complaint for failure to state a claim. Code Ann. § 61-303 provides that a tenant may answer a dispossessory action, the answer may contain any legal or equitable defense or counterclaim, and if the tenant answers, "a trial of the issues shall be had in accordance with procedure prescribed for civil actions in courts of record."

Appellant relies on *Carswell v. Scott,* 225 Ga. 798 (171 SE2d 499) (1969), but that reliance is misplaced. In *Carswell* the superior court plaintiffs were seeking affirmative equitable relief based on disputed title to land, but they were not seeking to merely enjoin a dispossessory action pending in another court.

Since the only issues for determination between the parties could be adequately decided in the dispossessory action in the civil court, the trial judge did not commit error in denying injunctive relief and dismissing appellant's equitable complaint without prejudice.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 7, 1975 — DECIDED JANUARY 6, 1976.

*Ross & Finch, I. J. Parkerson,* for appellant.
*Louis F. McDonald,* for appellees.