71019. NIXON v. A. F. M., INC.
(336 SE2d 382)

DEEN, Presiding Judge.

A. F. M., Inc. commenced this dispossessory action against Juanita Nixon for failure to pay rent, and on May 3, 1985, the trial court granted A. F. M., Inc., a writ of possession and ordered Nixon to pay $369 back rent, plus court costs. On May 9, 1985, Nixon filed this direct appeal. Under OCGA § 5-6-35 (a) (3), however, an applica-

tion for discretionary appeal was required in this case. Accordingly, the appropriate appellate procedure was not followed and the appeal must be dismissed. *Walker v. City of Macon,* 166 Ga. App. 228 (303 SE2d 776) (1983).

*Appeal dismissed. Banke, C. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, Pope, and Benham, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

I respectfully dissent. OCGA § 5-6-35 (a) (3) requires application in "[a]ppeals from cases involving distress or dispossessory warrants in which the only issue to be resolved is the amount of rent due and such amount is $2,500.00 or less; . . ." This case involved, both below and here, not simply what amount of rent is due; the dispute is not "how much?" Appellant does not seem to contest the amount of the rent but rather the amount that *she* should have to pay and the amount of that rent that HUD should have to pay. She apparently wanted the landlord to wait for rent until HUD determined that she was eligible for Section 8 assistance; she did get part of the rent money from charitable organizations. Of course, that is not a good defense and the trial court was correct in granting the writ, because the failure to repair is not a good defense for not paying rent either. She would have had to make the repairs and deduct the cost thereof from the rent, after demand for repairs was made and ignored. *Swim Dixie Pool Corp. v. Kraemer,* 157 Ga. App. 748, 749 (1) (278 SE2d 448) (1981).

So I would affirm without opinion under Rule 36 (2).

DECIDED OCTOBER 23, 1985.

Juanita Nixon, *pro se.*
Claudine Benton, *pro se.*