A91A1038. HOUSING AUTHORITY OF DECATUR v. BIGSBY.
(410 SE2d 44)

BIRDSONG, Presiding Judge.

The Housing Authority of the City of Decatur ("the Authority") appeals from the judgment of the lower court in a dispossessory proceeding against Angela Bigsby. The Authority contends that the trial court erred by concluding that two occasions of non-payment of rent did not constitute a serious or repeated violation of the lease, by denying possession of the premises to the Authority, by ordering that judgment be paid in installments, and by rendering judgment 12 weeks after the trial.

The trial court's findings of fact in the record show that Bigsby is a public housing tenant of the Authority whose sole source of income is a monthly payment from Aid to Families with Dependent Children ("AFDC"). In September 1990, Bigsby did not pay her $57 rent for

the second time within a 12-month period because she reported to the Authority her AFDC check was terminated for her failure to report for required AFDC recertification.

The trial court found that although Bigsby received all required notices, the non-payment of the September rent did not constitute a serious or repeated violation of Bigsby's lease so as to permit the Authority to terminate the lease and ordered her to pay the September rent in three installments. *Held*:

1. Bigsby's motion to dismiss the appeal is denied. OCGA § 5-6-35 (a) (3) is applicable only to dispossessory actions in which the only issue to be resolved is rent due of $2,500 or less. As the authority also challenged the trial court's refusal to terminate the lease in this appeal, the discretionary appeal procedures are not applicable.

2. In a bench trial such as this, the judge sits as trier of fact; and his findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them. *Safeway Ins. Co. v. Holmes*, 194 Ga. App. 160, 161 (390 SE2d 52). Further, as there is no transcript of the trial in the record, we must assume the trial court's ruling was correct. *Wimberly v. Karp*, 185 Ga. App. 571, 573 (365 SE2d 131); *Wetherington v. Koepenick & Horne*, 153 Ga. App. 302, 304-305 (265 SE2d 107). As the lease was also not included in the record, we must also assume that nothing in this lease, apparently drafted by the Authority required the trial court to find, under the circumstances of this case, that a second dispossessory filed in 12 months constitutes a "serious and repeated violation" of the lease. Consequently, the trial court did not err by not requiring such a result. See OCGA § 13-2-2 (5); *Stern's Gallery &c. v. Corporate Property &c.*, 176 Ga. App. 586, 593 (337 SE2d 29).

3. For the reasons stated in Division 2, the Authority's assertion that Bigsby did not offer a legal defense is without merit.

4. As the Authority's counsel acknowledged at oral argument that full amount of the rent owed was paid in one lump sum, the enumeration of error concerning the judgment requiring payment in installments is moot.

5. We also find the Authority's enumeration of error regarding the 12-week period between the hearing and entry of judgment to be without merit. Although expeditious processing of dispossessory actions is required, our law does not require a judgment to issue within a specified period. Further, we presume that the trial judge faithfully and lawfully performed his duties (*Hudson v. State*, 185 Ga. App. 508, 509 (364 SE2d 635)), and nothing in the record shows that the Authority was harmed by any delay. Accordingly, this allegation is also without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JULY 15, 1991 —
RECONSIDERATION DENIED JULY 31, 1991.

*Lynch & Powell, Gene E. Massafra*, for appellant.
*Carolyn S. Weeks*, for appellee.