A04A1175. DAVITA, INC. et al. v. OTHMAN.

(606 SE2d 112)

SMITH, Chief Judge.

Davita, Inc. and Renal Treatment Centers Midatlantic, Inc. (RTC), tenants occupying a commercial property used as a dialysis facility, appeal the trial court's grant of a writ of possession to Aida Othman, the landowner. Appellants contend that the trial court erred in refusing to transfer the dispossessory action to the superior court and in granting the writ of possession. We agree with the trial court's rulings and therefore affirm.

The record shows that in August 1993, Renal Treatment Centers-Georgia, Inc. and Aida Othman entered into a ten-year lease agreement for premises located in the city of Macon. At some point, the tenant assigned its rights in the lease to a successor entity, RTC, but represented itself as Davita, Inc. The lease was due to expire by its terms on August 23, 2003.

In January 2003, Othman met with a representative of Davita concerning other property in Fort Valley, Georgia. During this meeting, Othman also told the representative that the lease on the Macon property would be expiring in August. She heard nothing from Davita, however, and on July 5, 2003, she sent a letter to the regional director of Davita with a copy to Davita's representative, proposing a five- or three-year lease for the Macon property. The letter further stated, "If three years are not acceptable to you, then you may consider this letter as a notice to vacate the premises at the end of the current lease term, August 23, 2003," and requested a response within seven days. Again, no response was received.

On August 22, 2003, Othman's attorney sent a letter to Davita noting that the lease would expire on the following day, and proposing a new 30-day lease with enumerated conditions, "solely in order to facilitate a smooth transition for the patients' benefit." Davita did not respond through its in-house counsel until September 5, stating that it was "interested in discussing a possible extension to the current lease." Othman retained counsel to file the dispossessory action, and that counsel informed Davita on September 19 that Othman had instructed him to delay filing in order to give Davita additional time to make alternative arrangements. On November 24, Davita responded through retained counsel that it "will not leave the premises and will not peacefully surrender same to your client. I have been informed that there will be no vacating the premises without a court order." Thereafter, Othman filed this dispossessory action in the State Court of Bibb County.

Davita answered, asserting numerous legal and equitable defenses. RTC was added by consent as defendant, and Othman filed an amended complaint which was answered separately but by the same counsel on behalf of Davita and RTC. On the same day, appellants filed a motion seeking to transfer the dispossessory action, contending that the state court lacked jurisdiction to grant the equitable relief appellants sought and asserting that RTC had filed a separate action in the Bibb County Superior Court against Othman and her husband, a physician, seeking damages and injunctive relief as a result of alleged breach of the lease agreement, fraud, and tortious interference with contractual relations.[1]

The trial court denied appellants' motion to transfer, reasoning that they had "not sought any of the forms of relief reserved by the Georgia Constitution for superior courts," because they were "not

---

[1] A blank copy of this complaint without case number, file stamp, or summons appears in the record, but appellee does not dispute that the action was filed and remains pending.

seeking affirmative equitable relief but rather have raised an equitable defense which may be heard by this court." On the same date, the trial court granted a writ of possession to Othman.

1. We first address appellants' contention that the State Court of Bibb County erred in denying the motion to transfer because it lacked jurisdiction to hear the dispossessory action. Ga. Const. of 1983, Art. VI, Sec. IV, Par. I, provides that the superior courts "shall have exclusive jurisdiction . . . in equity cases." The state courts have jurisdiction over all "civil actions without regard to the amount in controversy, except those actions in which exclusive jurisdiction is vested in the superior courts." OCGA § 15-7-4 (a) (2). Based on this authority, appellants argue that because they sought "affirmative equitable relief" and "lacked an adequate remedy at law," the action should have been transferred to the superior court.

Appellants acknowledge in their brief, however, that RTC seeks only "the affirmative equitable relief of being allowed to remain in possession of the premises until such time as adequate alternative premises can be located and seeks an injunction against Othman preventing her from evicting it at the present time." OCGA § 44-7-51 (b) provides that a tenant's answer in a dispossessory proceeding "may contain any legal *or equitable* defense *or counterclaim*." (Emphasis supplied.)

> It is fundamental, of course, absent special circumstances, such as insolvency of the landlord, or inadequacy of any legal defense which could be interposed thereto, that equity will not interfere with a dispossessory proceeding to enjoin the same, since whatever defenses the tenant may have to such a proceeding may be interposed in the dispossessory proceeding as readily as in a court of equity. [Cits.]

*Lee v. Peck*, 228 Ga. 448, 450 (3) (186 SE2d 94) (1971).

Appellants argue that the relief they seek constitutes "special circumstances" within the meaning of *Lee*, contending that Othman violated a noncompete agreement contained in the lease and that its patients would be jeopardized. Othman denied these contentions. Appellants acknowledge that no Georgia cases support their assertion that extraordinary relief is required here, but they cite a New Mexico decision, *Navajo Academy v. Navajo United Methodist Mission School*, 109 N.M. 324 (785 P2d 235) (1990), to support their argument.

Of course, appellate courts of this state are "not bound by decisions of other states or federal courts except the United States Supreme Court." *Rodgers v. First Union Nat. Bank*, 220 Ga. App. 821, 822 (470 SE2d 246) (1996). But even if we were to consider it, the

*Navajo Academy* decision is inapposite here. Most importantly, it does not address New Mexico landlord-tenant law. It therefore offers no support for appellants' claim that the State Court of Bibb County lacked jurisdiction over this case under Georgia law. Moreover, while the Navajo Academy was allowed to remain on subleased property for a period of three years while new premises were found, the trial court granted equitable relief because the academy "came before the court with clean hands," while the school which owned the property had accepted substantial benefits from the academy but failed to comply with the parties' understanding with respect to their agreement. 109 N.M. at 330. In addition, the trial court found that innocent parties, the children being educated at the academy, would be irreparably harmed by its destruction. Id. Here, as discussed in Division 2, the evidence suggests otherwise.

In fact, while appellants contend they seek "reformation" of the expired lease, they seek in essence merely to remain in possession of the premises. Here, as in *Speir v. Davis*, 235 Ga. 788, 789 (221 SE2d 575) (1976), the only equitable relief sought by appellant "was to enjoin the appellees from pursuing their dispossessory action in the [state] court." The court properly refused to grant such relief. Under OCGA § 44-7-51 (b), a tenant "may answer a dispossessory action, the answer may contain any legal or equitable defense or counterclaim," id., and under OCGA § 44-7-53 (b), "if the tenant answers, 'a trial of the issues shall be had in accordance with procedure prescribed for civil actions in courts of record.'" Id. Here, despite their contention that they seek separate affirmative equitable relief that cannot be addressed in a dispossessory action, neither appellant asserted a counterclaim as permitted by OCGA § 44-7-51 (b). As the trial court observed, the relief they sought is inherent within the state court's power to refuse to issue a writ of possession. Appellants' first enumeration of error has no merit.

2. Appellants also contend the trial court erred in granting a writ of possession because Othman wrongfully competed with their business and because eviction will work a hardship on their customers. When the trial court sits as the finder of fact in a dispossessory action, its findings "are analogous to a jury verdict and will not be disturbed if there is any evidence to support them. [Cit.]" *Housing Auth. v. Bigsby*, 200 Ga. App. 878, 879 (2) (410 SE2d 44) (1991).

(a) The record contains evidence supporting the trial court's findings. The record demonstrates that Othman gave adequate and repeated notice to appellants. Any possible risk to patients was caused by appellants' delays in responding to Othman's notice; as the trial court noted, appellants' witness acknowledged that patients could be moved to other nearby facilities owned by appellants.

(b) Appellants also argue that Othman violated a noncompete covenant in the lease by owning a part interest in another dialysis center. That provision forbade "participation or involvement" in "any entity, trade or business providing 'dialysis services' within the restricted area as defined in this agreement" during the term of the lease. But appellants failed to show that the center in which Othman held an interest was "providing dialysis services" during the term of the lease, which expired approximately four months before the hearing. Othman contends in her brief that the center did not open until after the lease expired, and Othman's counsel stated to the trial court that the center did not treat patients until after the expiration of the lease. As Othman acknowledges, there was no testimony on this point. Counsel for appellants, however, stated in response to questioning by the trial court that the covenant expired with the lease and that appellants' witness testified only to "post expiration" events. The witness knew of no other violations of the lease by Othman. The trial court's decision that appellants failed to show misconduct on the part of Othman was therefore in accord with the evidence on the record.

3. Appellee has moved for imposition of frivolous appeal penalties pursuant to Court of Appeals Rule 15 (b). "[T]he law is indisputably clear concerning the issues raised on appeal." *Hightower v. Kendall Co.*, 225 Ga. App. 71, 73 (5) (483 SE2d 294) (1997). We note that the foreign authority cited by appellants is not controlling or even suggestive of the result they urge. We are even more concerned that appellants offer no explanation for their failure to acknowledge or respond to Othman's repeated reminders that the lease was about to expire or for their apparent failure to make alternative arrangements for their patients nearly four months after expiration of the lease. Over a year after expiration of the lease, appellants remain in possession. We find merit in Othman's contention that this appeal was purely for purposes of delay. See *Wade v. Howard*, 232 Ga. App. 55, 60-61 (499 SE2d 652) (1998). Accordingly, we assess frivolous appeal penalties pursuant to Court of Appeals Rule 15 (b), in the amount of $1,000 against appellants, to be paid in equal parts by appellants and their appellate counsel. Upon return of the remittitur, the trial court is directed to enter a $1,000 judgment in favor of Othman in the form of a $500 penalty against Davita, Inc. and Renal Treatment Centers Midatlantic, Inc., and a $500 penalty against their appellate counsel.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 18, 2004.

*Hall, Bloch, Garland & Meyer, John F. Kennedy, J. Ellsworth*

*Hall IV*, for appellants.

*Stone & Baxter, David M. Baxter, Austin E. Carter*, for appellee.