### A08A2219. CRONIN v. HOMESALES, INC.
(674 SE2d 35)

JOHNSON, Presiding Judge.

In this dispossessory action, Patricia Cronin appeals the state court's grant of a writ of possession in favor of Homesales, Inc. Because Cronin failed to file a transcript of the trial, we affirm.

The record shows that Homesales instituted dispossessory proceedings against Cronin, claiming Cronin was a tenant at sufferance following a foreclosure sale. Cronin answered, denying the property was in foreclosure and praying for injunctive relief and a restraining order barring Homesales from taking possession of the property. Following a bench trial, the trial court entered a writ of possession in favor of Homesales.

Cronin appeals the trial court's order, alleging the trial court erred in entering its judgment because there were questions of disputed facts, and claiming the trial court did not have jurisdiction because she had counterclaimed for equitable relief. We find no error and affirm the trial court's order.

We first note that while Cronin attaches a number of exhibits to her appellate brief, her brief fails to provide any references to the

---

record to support her enumerations of errors. Court of Appeals Rule 25 (c) (2) (i) provides that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration." "It is not the function of this court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record."[1] Moreover, allegations of fact appearing only in appellate briefs and unsupported by evidence in the record will not be considered on appeal.[2]

Most importantly, we note that Cronin makes various arguments based on factual issues that would require consideration of the evidence presented before the trial court. Cronin, however, failed to file a transcript of the bench trial and apparently did not attempt to reconstruct the proceedings in accordance with OCGA § 5-6-41 (g) and (i). "When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession."[3] Cronin had the burden to affirmatively show error by the record,[4] and she has failed to provide this Court with any evidence to support her allegations of error. We must presume that the trial court's judgment and orders are correct.

Although Cronin claims the state court improperly entered judgment without holding a trial or taking evidence, the record shows that the court heard and considered evidence before entering judgment. Nothing supports Cronin's claim that the trial court entered its judgment on the pleadings.

We likewise find no merit in Cronin's claim that the state court lacked jurisdiction to render its judgment because Cronin's answer requested equitable relief. This question was addressed in *Davita, Inc. v. Othman*,[5] in which we found that since the only equitable relief sought by the appellant was to enjoin the appellees from pursuing their dispossessory action, the state court maintained jurisdiction and properly refused to grant such relief. Because the relief sought by Cronin was "inherent within the state court's power

---

[1] (Citation and punctuation omitted.) *Dwyer v. Mortgage Electronic Registration Systems*, 258 Ga. App. 220 (573 SE2d 489) (2002).

[2] See *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (2) (464 SE2d 219) (1995).

[3] (Punctuation omitted.) *Olubajo v. Deutsche Bank Nat. Trust Co.*, 280 Ga. App. 154 (633 SE2d 543) (2006).

[4] Id. at 155.

[5] 270 Ga. App. 93, 95-96 (1) (606 SE2d 112) (2004); see also *Speir v. Davis*, 235 Ga. 788, 789 (221 SE2d 575) (1976).

to refuse to issue a writ of possession,"[6] the trial court properly exercised jurisdiction in this case.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JANUARY 29, 2009 —
RECONSIDERATION DENIED FEBRUARY 24, 2009 

*Francis X. Moore*, for appellant.

*McCalla Raymer, Adam M. Silver, Elizabeth A. George*, for appellee.