# Court of Appeals
# of the State of Georgia

ATLANTA,  April 23, 2019

*The Court of Appeals hereby passes the following order:*

## A19D0408. SAM L. LEVINE v. GEORGIA ALLOY, LLC et al.

Georgia Alloy, LLC, and FDC 94, LLC ("the plaintiffs"), filed this action in superior court against Sam L. Levine, seeking a post-foreclosure writ of possession to certain real property. In June 2018, the superior court issued a final judgment and writ of possession in favor of the plaintiffs. Levine filed a timely notice of appeal of that order. That appeal has been docketed in this Court as Case No. A19A0187 and remains pending.

In September 2018, the plaintiffs filed a motion for an order compelling payment of rent into the superior court registry pending resolution of the appeal in Case No. A19A0187. On March 21, 2019, the superior court granted the motion and ordered Levine to pay $2,500 into the court registry by March 29, 2019, and thereafter to pay $2,500 on the 11th day of each month the appeal remained pending. Levine then filed the instant application for discretionary review of that order.

OCGA § 5-6-35 (a) (3) provides that applications for discretionary review are required for "[a]ppeals from cases involving distress or dispossessory warrants in which the only issue to be resolved is the amount of rent due and such amount is $2,500 or less[.]" However, this is not such a case. First, as shown by the appeal in Case No. A19A0187, the case involves issues other than the amount of rent due. See *Housing Auth. of Decatur v. Bigsby*, 200 Ga. App. 878, 879 (1) (410 SE2d 44) (1991) (OCGA § 5-6-35 (a) (3) did not apply where the appellant challenged the trial court's refusal to terminate the lease); see also *Owens v. Green Tree Servicing, LLC*, 300 Ga. App. 22, 25 (2) (684 SE2d 99) (2009) (an application for interlocutory appeal was not required to appeal an order compelling the defendant to pay rent pending appeal of

a dispossessory order, because "a post-judgment order requiring the payment of rent pending appeal is subject to direct appeal, as there is nothing left to be decided in the trial court."); compare *Castro v. Hidden Village Apts.*, 216 Ga. App. 251 (453 SE2d 815) (1995) (OCGA § 5-6-35 (a) (3) applied where the trial court awarded the plaintiff a writ of possession and entered judgment on behalf of the plaintiff in the amount of $230 for past due rent); *Nixon v. A. F. M.*, 176 Ga. App. 546 (336 SE2d 382) (1985) (OCGA § 5-6-35 (a) (3) applied where the trial court awarded the plaintiff a writ of possession and ordered the defendant to pay $369 in back rent). Second, even assuming, arguendo, that the case only involves the amount of rent due, that amount is currently more than $2,500. Therefore, Levine appears to have a right of direct appeal. See OCGA § 5-6-34 (a) (1); *Owens*, supra at 25 (2).

We will grant an otherwise timely application for discretionary review if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED, and Levine shall have ten days from the date of this order to file his notice of appeal with the superior court. If he has already filed a notice of appeal in the superior court, he need not file an additional notice. The clerk of the superior court is DIRECTED to include a copy of this order in the records transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   04/23/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*