## 54059. BELL v. KRAFTCO CORPORATION.

SMITH, Judge.

Bell appeals from the trial court's dismissal of her action because of her wilful failure to respond to Kraftco's requests for discovery. Finding that the court did not abuse its discretion in imposing this sanction, we affirm.

On April 6, 1976, Bell filed her complaint and a request for admissions. Kraftco answered the complaint and the request on April 23, 1976; on that same date Kraftco served interrogatories and a request for production of documents upon Bell. On August 13, 1976, upon Bell's failure to respond to the discovery attempts, Kraftco filed a motion for sanctions. The court set the hearing on that motion for January 18, 1977. At that hearing on January 18, Bell filed answers to Kraftco's

requests for discovery, almost nine months after Kraftco served the requests. At no time did Bell seek an extension of time or a protective order. Bell's only excuses for the delay were that she had been out of the country "for a short period of time" and that her grandmother had died, at which time she had had to move into her grandmother's former house where there were no telephones. The trial court dismissed the action because her failure to communicate with her counsel resulted in her failure to make discovery and constituted a "willful neglect of her case." The judge's findings were authorized by the record, and his imposition of the sanction was not an abuse of discretion. We therefore must affirm. *Houston General Ins. Co. v. Stein Steel &c. Co.,* 134 Ga. App. 624 (215 SE2d 511); *Merrill, Lynch &c. Inc. v. Echols,* 138 Ga. App. 593 (226 SE2d 742).

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED MAY 23, 1977 — DECIDED SEPTEMBER 8, 1977.

*Spearman & Thrasher, William Lewis Spearman, Richard B. Eason, Jr., John Unger Perkins,* for appellant.

*Haas, Holland, Levison & Gibert, William R. King, Richard G. Garrett,* for appellee.