## 57062. WITLEN v. WITLEN.

BIRDSONG, Judge.

The appellant Sidney Witlen was cited for contempt for violation of the provisions of the Uniform Reciprocal Enforcement of Support Act for failing to pay the sum of $225 per month as required by an order of the Superior Court of Dougherty County. The matter came on for hearing on July 18, 1978, before the Superior Court of Cobb County. The Cobb County court granted a continuance until August 22, 1978, upon condition that Witlen supply the Cobb County court with a copy of the Dougherty County court order and make a support payment in the amount of $225, or be subject to incarceration in the common jail of Cobb County on and after August 22 until the contempt might be purged. At the hearing on August 22, the trial court found that Witlen had failed to provide the court with a copy of the order and had made only $150 of the $225 payment notwithstanding the possession of approximately $1,000 in disposable funds. Witlen was held in wilful contempt of the court and ordered incarcerated until the contempt be purged by payment of the remaining sum due or until further order of the court. Witlen filed a notice of appeal pro se and accompanied or incorporated into the notice of appeal what this court assumes is intended to be a brief and argument. While there is no apparent compliance with the provisions of Ga. L. 1965, pp. 18, 20; 1966, pp. 493, 495; 1973, pp. 303, 304 (Code Ann. § 6-802), we will accept and consider the pleadings as being properly before this court.

Appellant contends that the contempt citation does not apply to him for it alleges that he utterly failed and

refused to support his children. On the contrary, Witlen contends that he made numerous payments in 1978 and the fact that he might have failed to pay more was due to inability. He denied that he refused to support his family but was unable to do so fully. Witlen makes several other arguments, i.e., he was unable to obtain legal assistance; that neither he nor his ex-wife has applied for or received welfare payments; that he is willing to make support payments to the best of his ability; and that URESA is discriminatory in that while it makes it mandatory for husbands to support families, there is no reciprocal mandate placed upon wives; and lastly, that he is not in contempt inasmuch as his failure to make the required payments was not wilful. *Held:*

It is at once apparent that Witlen is contesting the legality and correctness of the petition of the district attorney citing Witlen for contempt for failure to support his family as required by the Dougherty County court order. It is equally clear that the incarceration for contempt flowed from the order of the Superior Court of Cobb County requiring Witlen to pay $225 by August 22. The court found a failure to make the payment as demanded by its order of July 18, 1978, although Witlen had ample disposable funds. Witlen does not dispute the findings made by the Superior Court of Cobb County.

There is a presumption that the judgment below was correct. *Williams v. Wilhoit,* 142 Ga. App. 4 (234 SE2d 860). It is the burden of the appellant in asserting error to show it by the record. *Smith v. Forrester,* 132 Ga. App. 426 (208 SE2d 199). Inasmuch as Witlen has not shown by the record that the findings of the Superior Court of Cobb County are in error or that he was not in contempt of the order of July 22, 1978, we will presume that the judgment of the Cobb County court, a court of competent jurisdiction, is supported by every fact essential to make such judgment valid and binding. *Merrill Lynch, Pierce, Fenner & Smith v. Echols,* 138 Ga. App. 593, 594 (226 SE2d 742); *Smith v. Byess,* 127 Ga. App. 39 (1) (192 SE2d 552).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 15, 1979 — DECIDED
FEBRUARY 15, 1979.

Sidney Witlen, *pro se.*
*Thomas J. Charron, District Attorney,* for appellee.