## 59073. WETHERINGTON v. KOEPENICK & HORNE, INC.

QUILLIAN, Presiding Judge.

Plaintiff brought this action for services rendered to defendant as a "food stylist." Defendant served interrogatories on plaintiff on April 5, 1979. The record reflects no action was taken by plaintiff on the interrogatories until a motion for sanctions was filed with the court on July 2, 1979. A rule nisi issued July 5, 1979·

for a hearing on July 16. On July 16, plaintiff's counsel filed answers with the court to each of the interrogatories. Plaintiff brings this appeal from the court's order of dismissal of July 16, 1979. No transcript of the hearing was filed. *Held:*

1. The plaintiff contends the trial court erred in dismissing its complaint. We find no error and affirm. The trial court ordered the complaint stricken under "Code Ann. § 81A-137 (d)." That subsection deals, in part, with "a party [who] fails . . . (2) to serve answers or objections to interrogatories . . ." Id. It authorizes "the court in which the action is pending [,] on motion [,] may make such orders in regard to the failure [to answer or object] as are just" including "any action authorized under subparagraphs (A), (B), and (C) of paragraph (b) (2) of this section." Id. Subsection (C) of Code Ann. § 81A-137 (b) (2) permits "[a]n order striking out pleadings . . . or dismissing the action or proceeding or any part thereof . . ." Accordingly, the trial court was authorized to impose the sanction of dismissal if plaintiff violated the proscription of Code Ann. § 81A-137 (d).

There was a time interval of 88 days between service of interrogatories and defendant's motion for sanctions in which plaintiff failed to answer, object, move for a protective order, or for more time to respond. "In the case of interrogatories, the discovering party first serves the questions. Code Ann. § 81A-133 (a). The other party must either respond or seek a protective order under Code Ann. § 81A-126 (c) . . .

"This system is designed to operate as efficiently as possible with minimal participation by the trial court. Such a system demands that the party who receives interrogatories either serve answers or objections on the discovering party. This duty is made explicit by Rule 37(d). A party properly served has an absolute duty to respond; the court may enforce this duty by imposing sanctions for its violation . . .

"The authorization of immediate sanctions under Rule 37(d) has been construed to apply to nothing 'less than a serious or total failure to respond to interrogatories.' [Cits.] Thus, a *total* failure to serve answers or objections would constitute a failure to

respond under 37(d) and would subject a party to immediate sanctions." *Mayer v. Interstate Fire Ins. Co.,* 243 Ga. 436, 438-439 (254 SE2d 825). In the instant case, the record reflects a total failure to serve answers or objections by the plaintiff to the defendant's interrogatories.

2. Plaintiff contends the trial court "had no facts before him on which to base his finding of wilfulness . . ." We do not agree. The trial court had before it evidence of service of defendant's interrogatories and a complete absence of anything in the record before him (or this court) to show a response by the plaintiff.

"The trial judge has broad discretion in the enforcement of the discovery provisions of the Civil Practice Act, and this court will not interfere with the exercise of that discretion absent clear abuse." *Dept. of Transp. v. Knight,* 143 Ga. App. 748, 752 (240 SE2d 90). The trial judge is the trier of fact and his finding of wilfulness from the evidence presented will not be reversed where there is any evidence to support it. In *Smith v. Byess,* 127 Ga. App. 39, 41 (192 SE2d 552), this court held that a defendant's conduct "in not answering, while requiring plaintiff to answer" authorized imposition of a sanction contained in Code Ann. § 81A-137 (b) (2) (C). In *Carter v. Merill Lynch &c., Inc.,* 130 Ga. App. 522 (3) (203 SE2d 766), we equated the "conscious indifference to consequences" of failing to appear for a deposition to "wilful misconduct." In a similar case, *Bell v. Kraftco Corp.,* 143 Ga. App. 221 (237 SE2d 708), we held the plaintiff's failure to respond to defendant's interrogatories amounted to "wilful neglect" authorizing the dismissal of the complaint. See *Thornton v. Burson,* 151 Ga. App. 456, 459 (260 SE2d 388).

"There is a presumption that the judgment below was correct. *Williams v. Wilhoit,* 142 Ga. App. 4 (234 SE2d 860). It is the burden of the appellant in asserting error to show it by the record. *Smith v. Forrester,* 132 Ga. App. 426 (208 SE2d 199)." *Witlen v. Witlen,* 149 Ga. App. 88, 89 (253 SE2d 450). Every presumption of legality will be made in favor of a judgment by a court of competent jurisdiction and it will be presumed it is supported by every fact essential to make such judgment valid and

binding. *Merill Lynch &c., Inc. v. Echols,* 138 Ga. App. 593, 594 (226 SE2d 742). There is an absence of any evidence showing an explanation for the delay. Further, plaintiff chose not to provide this court with a transcription of the hearing on the motion for sanctions. "We must presume the rulings of the trial court are supported by the evidence" in the absence of such transcript. *Aviation Electronics v. U. S. Energy &c., Inc.,* 242 Ga. 224 (248 SE2d 610). We find this enumeration not to be meritorious.

3. It is alleged the trial court abused its discretion in dismissing plaintiff's complaint. There was a total failure of the plaintiff to respond to defendant's interrogatories for a period of 88 days, while defendant was required to respond to plaintiff's interrogatories. " 'This court has repeatedly held that it will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion.' " *Ambassador College v. Goetzke,* 244 Ga. 322 (1) (260 SE2d 27). In the absence of any explanation or justification in the record for the long delay in submitting an adequate response or moving for a protective order, we find no abuse of discretion of the trial court in dismissing plaintiff's complaint. *Turner v. Gray,* 150 Ga. App. 714 (258 SE2d 905); accord, *Smith v. Byess,* 127 Ga. App. 39, 41, supra; *Bell v. Kraftco Corp.,* 143 Ga. App. 221, supra; *Mayer v. Interstate Fire Ins. Co.,* 243 Ga. 436, supra.

"Nor is there any significance in the fact that the plaintiff . . . submitted answers to the propounded questions before the hearing on the . . . motion for sanctions. '[O]nce the motion for sanctions has been filed, the opposite party may not preclude their imposition by making belated response at the hearing.' " *Merill Lynch &c., Inc. v. Echols,* 138 Ga. App. 593, 594, supra.

4. Code Ann. § 81A-137 (d) authorizes imposition of the sanctions enumerated in Code Ann. § 81A-137 (b) (2), which includes dismissal of the complaint. Thus, the last enumeration is also without merit.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED JANUARY 7, 1980 — DECIDED FEBRUARY 5, 1980.

*Winston H. Morriss,* for appellant.
*James J. Brissette,* for appellee.