A97A2043. FLORENCE v. GREEN ACRES MOBILE HOME
ESTATES, INC.
A97A2044. HAMES et al. v. GREEN ACRES MOBILE HOME
ESTATES, INC.
A97A2045. SEAY v. GREEN ACRES MOBILE HOME
ESTATES, INC.
(495 SE2d 346)

McMURRAY, Presiding Judge.

The trial court granted Green Acres Mobile Home Estates, Inc. ("the landlord") a writ of possession against Vicki L. Florence, a writ of possession against Thomas Seay, and a writ of possession against Jamie Hames and Christy Hames. Florence filed an appeal, pro se, in Case No. A97A2043; Jamie Hames and Christy Hames filed an appeal, pro se, in Case No. A97A2044, and Seay filed an appeal, pro se, in Case No. A97A2045. These appeals were docketed in this Court as companion cases. *Held*:

*Case No. A97A2043*

1. Vicki L. Florence's appeal in Case No. A97A2043 was docketed in this Court on June 2, 1997, thereby requiring her to file an enumeration of errors and brief in this Court by June 23, 1997. Because Florence did not file an enumeration of errors and brief by June 23, 1997, this Court entered an Order on July 11, 1997, directing her to file an enumeration of errors and brief no later than July 16, 1997. Vicki L. Florence has not complied with this Order. Consequently, her appeal in Case No. A97A2043 is dismissed pursuant to Rule 26 (a) of the Rules of the Court of Appeals of Georgia.

*Case No. A97A2044*

2. Jamie Hames and Christy Hames contend, in Case No. A97A2044, that the trial court erred in granting the landlord a writ

of possession because they tendered their rent pursuant to OCGA § 44-7-52, because they did not breach their lease agreement and because the landlord did not give them proper notice of this dispossessory action. None of these assertions are supported by the record.

"'There is a presumption that the judgment below was correct. *Williams v. Wilhoit*, 142 Ga. App. 4 (234 SE2d 860). It is the burden of the appellant in asserting error to show it by the record. *Smith v. Forrester*, 132 Ga. App. 426 (208 SE2d 199).' *Witlen v. Witlen*, 149 Ga. App. 88, 89 (253 SE2d 450). Every presumption of legality will be made in favor of a judgment by a court of competent jurisdiction and it will be presumed it is supported by every fact essential to make such judgment valid and binding. *Merrill Lynch &c., Inc. v. Echols*, 138 Ga. App. 593, 594 (226 SE2d 742)." *Wetherington v. Koepenick & Horne, Inc.*, 153 Ga. App. 302, 304 (2) (265 SE2d 107).

There is nothing in the record in Case No. A97A2044 which supports Jamie Hames' and Christy Hames' contentions. The record only includes pleadings, a notice of hearing, the sheriff's entry of service and the trial court's judgments for a writ of possession and for unpaid rent. Jamie Hames and Christy Hames did not provide this Court with a transcript of the hearing on the landlord's petition for a writ of possession, nor did they attempt to construct a transcript of the hearing pursuant to OCGA § 5-6-41 (g). Under such circumstances, we must presume the trial court's judgment granting the landlord a writ of possession is correct. *Aviation Electronics v. U. S. Energy Conservation Systems*, 242 Ga. 224 (248 SE2d 610).

### Case No. A97A2045

3. Thomas Seay did not file an enumeration of errors in Case No. A97A2045, but he did file a brief which is essentially the same as the brief Jamie Hames and Christy Hames filed in support of their appeal in Case No. A97A2044. Since the record in Case No. A97A2045 does not support the assertions in Thomas Seay's brief, we must affirm the trial court's judgment in Case No. A97A2045. See *Wetherington v. Koepenick & Horne, Inc.*, 153 Ga. App. 302, 304 (2), supra.

*Judgments affirmed in Case Nos. A97A2044 and A97A2045. Appeal dismissed in Case No. A97A2043. Beasley and Smith, JJ., concur.*

DECIDED JANUARY 7, 1998.

Vicki L. Florence, *pro se*.
Jamie and Christy Hames, *pro se*.

Thomas Seay, *pro se*.
*Robert W. Shurtz*, for appellee.