## A01A2482. BURNETTE v. PERRY.
### (559 SE2d 153)

PHIPPS, Judge.

Albert Perry petitioned the State Court of DeKalb County for a dispossessory warrant, alleging that Pattie Burnette had failed to pay rent due on certain leased premises. After a bench trial, the court ruled that Perry was entitled to a writ of possession and to $1,441 in unpaid rent.

Burnette appeals, arguing that the trial court erred by relying on "erroneous and untrue information." She claims that she and Perry entered into a lease-purchase agreement for the property and that she had already paid Perry more than the amount due at the time Perry sought the dispossessory warrant. She seeks to occupy the property until the lease expires or the purchase is completed and seeks a return of all money erroneously collected by Perry.

We cannot consider Burnette's claim because there is no transcript of the proceedings below and no attempt to recreate the record as provided for in OCGA § 5-6-41 (g) and (i).[1] Burnette, as the appellant, has the burden of showing error by the record.[2] When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession and the award for unpaid rent.[3]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED JANUARY 23, 2002.

Pattie Burnette, *pro se.*
Albert Perry, *pro se.*

---

[1] *Deen v. United Dominion Realty Trust*, 218 Ga. App. 443, 444 (1) (462 SE2d 384) (1995).

[2] *Florence v. Green Acres Mobile Home Estates*, 230 Ga. App. 91, 92 (2) (495 SE2d 346) (1998).

[3] *McKinney v. Alexander Properties Group*, 228 Ga. App. 77, 78 (491 SE2d 131) (1997).