## A05A1422. POPHAM v. GARROW et al.

(621 SE2d 468)

ELLINGTON, Judge.

Peter Norwood Popham appeals pro se from the trial court's order dismissing an earlier appeal from the grant of summary judgment to the defendants in this tort litigation. For the following reasons, we affirm.

The record shows that, in February 1998, Popham filed suit against several defendants in the Superior Court of Cobb County. The trial court granted summary judgment to the defendants on May 9, 2000, and Popham filed a notice of appeal on June 8, 2000 (hereinafter, the "first appeal"). Popham failed to file a transcript of the summary judgment motion hearing, which he had designated for inclusion in the record on appeal, and did not request an extension to secure the transcript. In November and December 2000, the defendants filed separate motions to dismiss the first appeal. The court conducted a hearing on the motions and, on March 16, 2001, granted the motions, finding that Popham still had not filed the transcript and that Popham's nine month delay in perfecting the record was both unreasonable and inexcusable. See OCGA § 5-6-48 (c). Popham then appealed from the trial court's dismissal of his appeal (hereinafter, the "instant appeal").

1. In the instant appeal, Popham attempts to raise a variety of alleged errors, only one of which is relevant to the issue on review here, i.e., whether the trial court properly dismissed the first appeal based upon Popham's failure to perfect the record.[1] Popham contends

---

[1] In his appellate brief, Popham also enumerated five alleged errors which are not properly before this Court in the instant appeal. Two alleged errors involve decisions by the trial court prior to its grant of summary judgment and alleged misconduct by the trial court in ruling upon the defendants' motion for summary judgment. While these alleged errors may have been raised in the first appeal, the proper dismissal of that appeal makes these issues moot. *Ball v.*

the trial court failed to properly manage the case and that this mismanagement was the real reason the record in the first appeal had not been perfected. Popham failed, however, to support his contentions with citations to the record on appeal or to legal authority. Therefore, this alleged error is deemed abandoned. Court of Appeals Rule 25 (c) (2), (3) (i).

2. Further, we find, sua sponte, that this appeal is frivolous and, therefore, that sanctions are appropriate. This conclusion is based upon the fact that Popham failed to support any of his enumerated errors in his appellate brief with citations to the record or to legal authority. Popham complained that the record was still not complete and that, as a result, he was unable to properly argue this appeal. Popham, however, did not identify what was missing from the record or explain how this allegedly missing information excused him from presenting a legal argument for reversing the court's order. Instead, he simply asked this Court to remand the case back to the trial court for a trial, effectively reversing both the trial court's dismissal of the first appeal and the court's grant of summary judgment, even though he failed to demonstrate a legal basis for doing so.

In addition, we have reviewed the record and find that the transcript of the hearing on the motion to dismiss the first appeal is, indeed, a part of the record on appeal. Accordingly, there is no excuse for Popham's failure to present an argument as to his one surviving enumeration of error. See Division 1, supra.

Accordingly, we impose a penalty of $1,000 against Popham in favor of the appellees for filing a frivolous appeal. Court of Appeals Rule 15 (b), (c).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED AUGUST 12, 2005 —
RECONSIDERATION DENIED SEPTEMBER 14, 2005.

Peter N. Popham, *pro se.*

*Sams, Larkin & Huff, Joel L. Larkin, Parks F. Huff, Hawkins & Parnell, Debra E. LeVorse, Christine L. Mast, Paul, Hastings, Janofsky & Walker, John G. Parker, Green, Johnson & Landers, Jerry A. Landers, Jr., Shivers & Associates, Charles E. Johnson III, Christine C. Daniel, Jerry L. Gentry, Stephen D. Morrison, Jr., Deborah L.*

---

*Fulton-DeKalb Hosp. Auth.*, 258 Ga. App. 899, 901 (2) (576 SE2d 1) (2002). The remaining alleged errors arose after Popham filed the instant appeal and, therefore, are not subject to review here. Further, these errors are not supported by citations to the record or to legal authority and are, therefore, deemed abandoned. Court of Appeals Rule 25 (c) (2), (3) (i).

*Dance, Ronald J. Doeve*, for appellees.