A06A0249, A06A0418. HUGHLEY v. HABRA (two cases).
(625 SE2d 531)

PHIPPS, Judge.

These appeals arise from a dispossessory proceeding instituted by landlord Karen Habra against tenant Kevin Hughley. For reasons which follow, the judgment is affirmed in Case No. A06A0249 and Case No. A06A0418 is dismissed.

In August 2005, Habra filed dispossessory warrants against Hughley in the State Court of DeKalb County. Hughley answered, claiming that Habra had not given him proper notice that his lease was being terminated. Following an unreported bench trial on September 8, the state court entered judgment that day finding that Habra was entitled to a writ of possession, ordering that the writ be issued on September 15, and awarding Habra $1,861 in rent, court costs, and interest. On or about September 15, Hughley filed a notice of appeal along with an affidavit that he was indigent and did not have funds to pay court costs. Case No. A06A0249 is Hughley's appeal of the September 8 judgment.

Also on September 15, Habra filed a motion to compel Hughley to pay the $1,861 in past due rent, interest, court costs, and future rent

into the court registry. On September 22, the court entered an order requiring Hughley to pay $2,964.16 into the court registry by September 28 and to pay his $1,400 monthly rent into the court by the fifth day of each month thereafter. On September 29, Habra applied for a writ of possession due to Hughley's failure to comply with the court's September 22 order. By order filed on September 30, the state court issued the writ. On October 6, Hughley filed a notice of appeal of the September 30 order, as well as an affidavit of poverty asking that he be relieved from paying court costs. Following an unreported hearing on October 6, the state court approved Hughley's affidavit of poverty. Case No. A06A0418 is Hughley's appeal of the September 30 order.

Habra moved to dismiss both appeals based on Hughley's failure to file an enumeration of errors and brief. In Case No. A06A0249, however, Hughley moved for an extension of time in which to file these pleadings, and we granted the extension. Hughley has filed a brief in Case No. A06A0249. He has enumerated various errors, which require consideration of evidence introduced and actions taken by the court at the September 8 hearing. Because there is no transcript of the hearing and no attempt to recreate the record as provided in OCGA § 5-6-41 (g) and (i), we must assume the judgment below was correct and affirm.[1]

In his brief in Case No. A06A0249, Hughley also seems to complain that his notice of appeal in Case No. A06A0418 did not act as a supersedeas of the September 30 order, even though OCGA § 5-6-47 (a) provides that a notice of appeal and affidavit of indigence "shall" act as a supersedeas "[i]n all civil cases."[2] This, however, is not a matter that is reflected in the appellate record and is, therefore, something that should be handled by emergency motion for supersedeas.[3] Moreover, Hughley has not filed an enumeration of errors and brief in Case No. A06A0418, and no extension has been requested or granted.

For these reasons, the judgment is affirmed in Case No. A06A0249, and the appeal is dismissed in Case No. A06A0418. Accordingly, the motion to dismiss Case No. A06A0249 is denied, and the motion to dismiss Case No. A06A0418 is granted.

*Judgment affirmed in Case No. A06A0249 and appeal dismissed in Case No. A06A0418. Ruffin, C. J., and Smith, P. J., concur.*

---

[1] *Young v. Pryer*, 257 Ga. App. 768 (572 SE2d 99) (2002); *Burnette v. Perry*, 253 Ga. App. 407 (559 SE2d 153) (2002).

[2] OCGA § 5-6-47 (b) additionally provides that if the truth of the affidavit is contested by a party at interest or his agent or attorney, the appellant's ability to pay must be determined by the judge.

[3] See Court of Appeals Rule 40 (b).

140

DECIDED JANUARY 4, 2006.

Kevin G. Hughley, *pro se.*
Karen Habra, *pro se.*