A06A0639, A06A0640, A06A0641. CREAGH v. FEDERAL NATIONAL MORTGAGE ASSOCIATION (three cases).
(627 SE2d 813)

PHIPPS, Judge.

These three pro se appeals arise from a dispossessory action by the Federal National Mortgage Association (FNMA) against Beverly Creagh and others. The first appeal is affirmed because no error appears from the scant record. The latter two appeals are dismissed because they are duplicative of the first.

On September 28, 2005, FNMA filed a dispossessory warrant against Creagh and all other occupants of Unit 2 of 1539 Bouldercrest Road in Atlanta, alleging that Creagh was a tenant holding over

---

[9] *Morrison v. State,* 220 Ga. App. 151, 155 (3) (b) (469 SE2d 686) (1996).

beyond the term for which the residential unit had been leased to her. Creagh answered and filed a counterclaim alleging, among other things, that she had not been given proper notice of termination of the lease, and that FNMA was not entitled to evict her because she had been required to make over $13,000 in repairs to the premises that FNMA had refused to make. Following an untranscribed hearing, the court entered a judgment on October 19 ordering issuance of a writ of possession to FNMA on October 26 and dismissing Creagh's counterclaim.

Creagh filed notices of appeal from the October 19 judgment in Case Nos. A06A0639, A06A0640, and A06A0641. She claims that she did not violate the lease because her improvements to the property constituted payments for rent. She also complains of FNMA's entry onto the premises and removal of her belongings since her filing of the notices of appeal.

> We cannot consider [Creagh's] claim because there is no transcript of the proceedings below and no attempt to re-create the record as provided for in OCGA § 5-6-41 (g) and (i). [Creagh], as the appellant, has the burden of showing error by the record. When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession and the award for unpaid rent.[1]

Because events occurring after entry of the judgment also do not appear of record, Creagh's complaint concerning FNMA's entry onto the premises during the pendency of her appeal is not reviewable in this appeal.[2]

*Judgment affirmed in Case No. A06A0639. Appeals dismissed in Case Nos. A06A0640 and A06A0641. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED FEBRUARY 14, 2006.

Beverly Creagh, *pro se.*

---

[1] *Burnette v. Perry*, 253 Ga. App. 407 (559 SE2d 153) (2002) (footnotes omitted).

[2] See *Popham v. Garrow*, 275 Ga. App. 499, 500, n. 1 (621 SE2d 468) (2005).

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Robert M. Sheffield*, for appellee.