A06A1960. SCHRODER v. MURPHY.
(639 SE2d 485)

SMITH, Presiding Judge.

Mary Schroder, appearing pro se, brought this appeal after a jury verdict and judgment in favor of appellee Rick Murphy. She appeals from the denial of her motion to extend the time for filing her notice of appeal. Her numerous pleadings are difficult to read and to understand, and they do not conform to the rules of this court. In

addition, Schroder failed to file a notice of appeal from the judgment on the jury verdict and even expressly states that she did not appeal that judgment pending the outcome of our review of the denial of her motion for an extension. She also has apparently filed a subsequent and very belated notice of appeal from a contempt citation entered before the trial of the case. It seems likely that these aspects of Schroder's appeal are not properly before this court. But OCGA § 5-6-34 (d) provides that any earlier judgments, rulings or orders of the trial court may be raised and reviewed on a pending direct appeal, and we therefore address all Schroder's claims of error, insofar as we are able. To the extent we can discern them, however, we find that all are without merit, and we therefore affirm the judgment of the trial court.

This litigation arose from a dispute over a water leak into Murphy's condominium unit. The water appeared to be coming from Schroder's unit, but she refused to allow a plumber to enter her unit to inspect and make repairs, as provided by the declaration of the condominium association. In June 2002, Murphy filed a complaint seeking a temporary restraining order and permanent injunctive relief, as well as damages for nuisance, trespass, breach of contract, and negligence, punitive damages, and attorney fees. The temporary restraining order was granted shortly thereafter, and an order granting Murphy's motion for an interlocutory injunction was entered on October 15, 2002.

In January 2003, Murphy moved for summary judgment. The trial court granted summary judgment in favor of Murphy on his nuisance and trespass claims; the remaining issues were set for trial. On April 29, 2003, a jury found for Murphy in the amount of $8,029 actual damages, $10,000 punitive damages, and $23,773.57 in attorney fees. Final judgment was entered on May 22, 2003. On May 29, 2003, Schroder filed a motion for a 90-day extension of time to file a notice of appeal, which was denied on June 4, 2003.

On June 16, 2003, Schroder filed a timely notice of appeal from the order denying her motion for extension of time.[1] This notice failed to name the court to which she intended to appeal, but on April 9, 2004, she amended this notice to designate the Georgia Supreme Court. The appeal was transferred to this court by the Supreme Court because it found no basis for jurisdiction.[2] On November 2, 2004,

---

[1] This limited notice of appeal was filed within the time permitted to appeal from the judgment on the jury verdict.

[2] On November 7, 2003, Schroder filed a motion for discretionary appeal, which was denied by this court as untimely. On December 4, 2003, she filed a "Motion to Set Aside Judgment in This Case Due to New Evidence," which was denied on January 22, 2004. She moved to reconsider that order and that motion was denied March 11, 2004.

Schroder apparently filed an additional notice of appeal from the final order and judgment to the Georgia Supreme Court. On March 10, 2005, Schroder apparently filed yet another notice of appeal from a November 8, 2002 order finding her in contempt of the October 15, 2002 interlocutory injunction.

1. We first consider Schroder's contention that the trial court erred in denying her motion for extension of time to file a notice of appeal. In her motion, Schroder asserted that she needed an additional 90 days because of newly discovered evidence and "because there are numerous documents and court transcripts to be reviewed and considered." The trial court concluded that neither newly discovered evidence, nor the weight of the evidence, nor Schroder's constitutional claims justified an extension of time to file the notice of appeal, and that a 90-day extension was not authorized under OCGA § 5-6-39 (c). On appeal, Schroder argues that her request for an extension of time is supported by newly discovered evidence in the form of a letter she received after trial, supposedly showing that Murphy knew the leak did not come from Schroder's unit. But she does not identify this letter or cite to its location in the record. She also argues that this alleged evidence proves that Murphy had "unclean hands" and transformed the litigation into an equity case, but this appears to go solely to her justification for originally filing the appeal with the Georgia Supreme Court.

OCGA § 5-6-39 (a) (1) provides that any judge of the trial court or the appellate court to which the appeal is taken may, in his discretion, grant an extension of time for the filing of a notice of appeal. As we have observed, "[t]he entire Code section gives to the court a very broad discretion." *Brookshire v. J. P. Stevens Co.*, 133 Ga. App. 97, 100 (1) (210 SE2d 46) (1974). In order to obtain a reversal of such a ruling, appellant must show an abuse of discretion; in the absence of an obvious abuse of discretion, we will not substitute our judgment for that of the trial court. *Cabey v. DeKalb Med. Center*, 252 Ga. App. 313, 314-315 (3) (555 SE2d 742) (2001) (motion for extension of time to file affidavit). We cannot say, under these circumstances, that the trial court abused its discretion by denying Schroder's motion. As in *Cabey*, nothing in Schroder's motion "made reference to anything that would constitute good cause," id. at 315 (3), and her pro se status does not justify "her pleadings being judged by a lower standard." Id. Moreover, as the trial court correctly noted, "[u]nder OCGA § 5-6-39 [(c)], neither the trial court nor this court has jurisdiction to grant an extension of more than 30 days for the filing of a notice of appeal. [Cit.]" (Punctuation omitted.) *Rockdale County v. Water Rights Committee*, 189 Ga. App. 873, 874 (377 SE2d 730) (1989). Schroder has not shown that the trial court abused its discretion in denying her motion for extension of time to file a notice of appeal.

2. Schroder's enumeration of error regarding the trial court's contempt order of November 14, 2002 overlooks the fact that she did not file a notice of appeal from the contempt order until March 10, 2005, over two years after the order was entered and almost two years after her original notice of appeal from the denial of her motion to extend time. "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court. [Cit.]" (Punctuation omitted.) *Barnes v. Justis*, 223 Ga. App. 671, 672 (478 SE2d 402) (1996). But OCGA § 5-6-34 (d) provides that

> all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere.

See also *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980). We will therefore address Schroder's extremely belated appeal of the 2002 contempt citation despite the fact that it was not included in her original notice of appeal. See *Patterson v. Lopez*, 279 Ga. App. 840, 841 (1) (632 SE2d 736) (2006).

> A trial court has wide discretion in determining whether its orders have been violated and such determination will not be disturbed absent a gross abuse of discretion. If there is any evidence in the record to support a trial judge's determination that a party either has or has not wilfully disobeyed the trial court's order, the decision of the trial court will be affirmed on appeal.

(Citations and punctuation omitted.) *City of Roswell v. Eller Media Co.*, 275 Ga. 379 (1) (566 SE2d 659) (2002). Schroder, not the appellee, has the burden of demonstrating error by the record, *Fisher v. One Stop Mtg.*, 258 Ga. App. 479, 480 (574 SE2d 605) (2002), and she has failed to do so.

The record shows that a hearing on the contempt motion was held, and Schroder appeared. However, the record contains no transcript of the testimony.

> Without a transcript or an agreed-upon statement of the events at the . . . hearing, we must presume the trial judge ruled correctly on all issues presented and that the evidence

was sufficient to support the judgment. We cannot consider factual assertions in briefs that are not supported by the record. And parties cannot supplement the record by attachments to their briefs.

(Citations, punctuation and footnotes omitted.) *Allen v. Edge*, 262 Ga. App. 82, 83 (2) (584 SE2d 686) (2003). "We cannot consider [Schroder's] claim because there is no transcript of the proceedings below and no attempt to recreate the record as provided for in OCGA § 5-6-41 (g) and (i)." (Citation and footnote omitted.) *Burnette v. Perry*, 253 Ga. App. 407 (559 SE2d 153) (2002). As appellant, Schroder has "the burden of showing error by the record. When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the [judgment]." (Citations and footnotes omitted.) Id. This enumeration of error is without merit.

3. For the reasons stated in Division 2, we will deem Schroder's limited notice of appeal to be an appeal of the judgment on the jury verdict in favor of Murphy, despite her expressly declining to address this issue in her brief. We are similarly precluded from considering the merits, however, because Schroder also failed to obtain a transcript of the jury trial or an agreed-upon substitute under OCGA § 5-6-41 (g). In the absence of a transcript, we must presume that the evidence supported the jury's verdict. *Burnette*, supra.

4. Schroder's complaint that the trial court mishandled funds deposited into the court's registry for takedown of the trial testimony, as well as her "Motion to Expedite Review of the December 28, 2005 Order Depositing Funds into Court Registry so Appellant has her money for filing fee for A06A1941 Appellant Brief" are properly addressed to the Fulton County Superior Court. As directed in the trial court's order of December 28, 2005, Schroder must apply directly to that court for the return of her funds. Schroder's "motion to expedite" is therefore denied.

5. The remaining motions filed by Schroder are dismissed as moot.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 17, 2006 —
RECONSIDERATION DENIED DECEMBER 4, 2006 —

Mary Schroder, *pro se.*
*Miles, McGoff & Moore, Larry A. Pankey*, for appellee.