## A09A0828. SIRATU v. DIANE INVESTMENT GROUP, LTD.
### (679 SE2d 359)

JOHNSON, Presiding Judge.

In this dispossessory action, Melesse Siratu, acting pro se, appeals the trial court's grant of a writ of possession in favor of Diane Investment Group, Ltd. Siratu alleges the trial court erred in granting the writ of possession after he paid the amount demanded into the court registry and erred in granting the writ of possession and terminating the lease when Diane Investment Group did not request this relief. Because Siratu has failed to show error by the record, we affirm.

The record shows that on March 22, 2006, Diane Investment Group, Siratu, and a co-tenant not a party to this action executed a commercial lease for a term of ten years. On August 19, 2008, Diane Investment Group notified Siratu of several defaults pursuant to the lease, including that his most recent rent check for approximately two months rent had been returned for insufficient funds. Siratu was further notified of the right to cure the defaults by August 25, 2008, and that strict compliance with the lease provisions, including the timely payment of rent on the first day of each month by cashier's check, would be enforced.

On September 1, 2008, a partial payment of rent for the month of September was tendered. On September 3, 2008, counsel for Diane Investment Group returned the partial payment and demanded immediate payment in full or immediate possession of the premises. Siratu wrote a letter on September 8, 2008 stating that he could not pay the full amount of rent on time and was having trouble with his business partner. On September 11, 2008, Diane Investment Group filed a dispossessory action against Siratu for nonpayment of rent. Although Siratu subsequently paid the September rent on September 29, 2008, Diane Investment Group returned the check and proceeded with the dispossessory action. Following a bench trial, the trial court entered an order granting a writ of possession in favor of Diane Investment Group on November 21, 2008. Siratu filed this pro se appeal.

We first note that Siratu makes various arguments based on factual issues that would require consideration of the evidence presented at the hearing before the trial court. Siratu, however, failed to file a transcript of the proceedings and apparently did not attempt to reconstruct the proceedings in accordance with OCGA § 5-6-41 (g) and (i). "When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume

that the evidence supported the grant of a writ of possession."[1] Siratu had the burden to affirmatively show error by the record,[2] and he has failed to provide this Court with any evidence to support his allegations of error. We must presume that the trial court's order is correct.

In addition, Siratu asserts his payment of rent into the court registry after service of the dispossessory action for nonpayment of rent is a complete defense to the dispossessory action. Siratu, however, fails to support this enumeration of error with any argument or citation of authority. Thus this alleged error is deemed abandoned.[3]

Siratu also argues he is a tenant at will under Georgia law, and he was not given the required 60 days notice of the termination of his tenancy under OCGA § 44-7-7.[4] However, in his brief, Siratu admits he entered into a ten-year lease on March 1, 2006, and this lease is a part of the record on appeal. Thus Siratu is not a tenant at will under Georgia law.[5] Furthermore, whether a tenant is occupying the premises pursuant to a lease or as a tenant at will, there is no requirement pursuant to Georgia law that the lease or the tenancy of the tenant be terminated prior to filing a dispossessory action for nonpayment of rent.[6]

Siratu also argues that Diane Investment Group failed to notify him or the court that it was seeking the possession of the premises and termination of the lease. Once again, however, the record belies this argument. The record shows that Diane Investment Group demanded possession of the premises in its September 3 letter, and Siratu acknowledged the demand in his responsive letter. Moreover, the original and amended dispossessory warrants filed by Diane Investment Group include the following language: "The said owner desires and has demanded possession of said house and premises. . . ." Clearly, Diane Investment Group specifically sought possession of the premises. With regard to Diane Investment Group's notice or request for termination of the lease, we must assume the evidence supported the trial court's termination of the lease because Siratu has failed to include a transcript of the proceedings below.[7]

---

[1] *Olubajo v. Deutsche Bank Nat. Trust Co.*, 280 Ga. App. 154 (633 SE2d 543) (2006); *Fisher v. One Stop Mtg.*, 258 Ga. App. 479, 480 (574 SE2d 605) (2002).

[2] *Olubajo*, supra at 155.

[3] Court of Appeals Rule 25 (c) (2).

[4] While Siratu cites to OCGA § 44-7-50 in his appellate brief, he clearly meant to cite OCGA § 44-7-7 regarding his tenant at will argument.

[5] See OCGA § 44-7-6 (a tenancy at will is established when no time period for the termination of a tenancy is specified).

[6] See *Metro Mgmt. Co. v. Parker*, 247 Ga. 625, 630 (278 SE2d 643) (1981).

[7] See *Creagh v. Fed. Nat. Mtg. Assn.*, 277 Ga. App. 614, 615 (627 SE2d 813) (2006);

Siratu has not met his burden to affirmatively show error by the record.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MAY 28, 2009.

Melesse Siratu, *pro se.*
Fowler, Hein, Passino & Cheatwood, J. Steven Cheatwood, for appellee.

---

Hughley v. Habra, 277 Ga. App. 138, 139 (625 SE2d 531) (2006).