68518. CARTER et al. v. LANDEL/ARUNDEL, INC. et al.
68519. CARTER et al. v. VIAN et al.
68626. CARTER et al. v. LANDEL/ARUNDEL, INC.
(322 SE2d 108)

QUILLIAN, Presiding Judge.

These three appeals involve the same parties and concern attempts by the appellants to prevent appellees from obtaining possession of certain property. *Held*:

1. In 68518 appeal was taken from an order denying the appellants' motion for a temporary restraining order and a stay of proceedings by the appellee to foreclose on the property. The foreclosure has already occurred and this appeal is moot.

2. In 68519 appeal was taken from an order granting the appel-

lants' temporary restraining order provided certain conditions were met, including that appellants pay $6,500 into the registry of the court. The conditions were not met and the foreclosure proceeded as was recited above. The issues in this appeal are likewise moot.

3. After foreclosure, the appellee brought a dispossessory action against the appellants. Thereafter, appellants answered, and appellee filed a motion under OCGA § 44-7-54 that appellants be required to pay rent and expenses into the registry of the court. The trial judge granted the motion, ordering the payment of rent into the registry of the court. This appeal (68626) was taken from that order.

The merits of the dispossessory proceeding still remain for determination. Thus, the requirements of an application for appeal under OCGA § 5-6-34 (b) must be followed, in the absence of which the appeal is premature and subject to dismissal. *Johnson v. Gwinnett County Bank*, 156 Ga. App. 597 (275 SE2d 157); *Grantham v. Nelson*, 160 Ga. App. 68 (286 SE2d 59).

*Appeals dismissed in 68518, 68519 and 68626. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 14, 1984.

David L. Carter, Kitty L. Carter, *pro se.*
*John T. Vian*, for appellees (case nos. 68518, 68519).
*E. Kendrick Smith*, for appellee (case nos. 68518, 68519, 68626).