A92A1068. HAGUE et al. v. KENNEDY.
(423 SE2d 283)

McMURRAY, Presiding Judge.

Emmitt Kennedy (plaintiff) filed a dispossessory action against Mary Ellen Hague and Raymond Hague (defendants) in the Magistrate Court of Gwinnett County, alleging that he acquired real property ("the premises") via foreclosure; that defendants have possession of the premises and that defendants are tenants holding over. Defendants denied the material allegations of the petition. Plaintiff filed certified pleadings from the Superior Court of Cobb County showing that Mary Ellen Hague twice sued plaintiff to enjoin foreclosure of her interest in the premises. More specifically, Mary Ellen Hague alleged in two petitions for injunction that she and Raymond J. Pitts, Inc. entered into a loan transaction with Heritage Trust Bank using the premises as collateral; that she unsuccessfully sued Raymond J. Pitts, Inc. in the Superior Court of Gwinnett County to recover the debt encumbering the premises; that plaintiff is a corporate officer of Raymond J. Pitts, Inc. and that plaintiff entered into a conspiracy with others, fraudulently acquiring an assignment of the promissory note and security deed encumbering the premises and purchasing the premises at an unfair foreclosure sale. Other certified records from the Superior Court of Cobb County reveal that Mary Ellen Hague was unsuccessful in enjoining the foreclosure sale. In fact, one certified order specifically disposed of Mary Ellen Hague's claims on the merits.

At a hearing on the dispossessory petition, plaintiff Kennedy asserted a motion to dismiss Mary Ellen Hague's and Raymond Hague's answer and a motion for judgment on the pleadings. The Magistrate Court of Gwinnett County granted these motions and entered an order, granting plaintiff an immediate writ of possession and concluding that defendants Hague are barred from asserting defenses resolved against defendant Mary Ellen Hague in prior superior court actions.

The Magistrate Court of Gwinnett County also found that plaintiff purchased the premises through foreclosure and that defendants are tenants holding over.

Defendants filed an amended answer at the same time the final order awarding plaintiff a writ of possession was entered, denying that a landlord and tenant relationship exists between the parties and alleging that plaintiff fraudulently acquired title to the premises. Defendants simultaneously filed a notice of appeal and an amended notice of appeal to the superior court, alleging that plaintiff fraudulently acquired title to the premises.

Plaintiff pressed a motion for a judgment on the pleadings and a motion to dismiss the appeal at a hearing in the Superior Court of Gwinnett County, arguing that defendants are estopped from challenging his title to the premises because their claim that he fraudulently acquired the premises was resolved in prior adjudications. Defendants argued that the issue of plaintiff's fraudulent acquisition of the premises has not been resolved and that they have a right to a trial by jury. More specifically, defendants' attorney argued as follows: "[Defendants] have a right to a jury trial. And of course the issues between these parties . . . have never been litigated. The issues before these parties is this . . . : [Plaintiff] did buy a note in his name; the evidence will show that money was furnished by the Pitts' family; the evidence will show that the Pitts' family had a lis pendens on record against this property. . . . Under the law, . . . when a lis pendens is pending before property, the cases have held that it cannot be sold in front of the courthouse because it will not bring its fair price at that time, . . . the reason being that people's not gone come in and bid and buy a lawsuit. So this property that is owned by Mrs. Hague, we contend was sold out here in front of the courthouse for ninety-something thousand dollars. This property is worth somewhere between 350- and 450,000 . . . and we expect to show that when this case is tried before a jury. . . . Of course, [plaintiff] has the note; [plaintiff] can come back . . . and resell once the lis pendens is off of the property. But he cannot sell it so long as there's a lis pendens against the property because the property will not bring its fair market value. And of course, when it's sold in front of the courthouse, it's essentially sold based on the fact that it will bring its highest and best value. . . . And that's why we say that we're entitled to go to a jury in this case . . . on this appeal. The constitution says we have a right to appeal; the constitution says we have a right to present our evidence to a jury and let them determine the issues. And the issues between these parties; it always has been. . . . We just simply don't feel that Mr. Kennedy should be allowed to take property worth four or five times what we've got in it . . . by selling it in front of the courthouse. So that's why we're in court."

588

The superior court granted plaintiff's motion to dismiss and motion for judgment on the pleadings and "denied and dismissed" defendants' appeal. The superior court also affirmed the judgment of the Magistrate Court. This appeal followed. *Held*:

Defendants contend the superior court erred in failing to conduct a jury trial, arguing that they had a right to de novo review. This contention is without merit.

Where no genuine issue of material fact remains and the undisputed evidence shows that a party is entitled to judgment as a matter of law, the trial court is authorized in granting summary judgment upon a motion for judgment on the pleadings. OCGA § 9-11-12 (c). In the case sub judice, it is undisputed that plaintiff was assigned a security deed to the premises and that he foreclosed defendant Mary Ellen Hague's interest in the premises by virtue of the power of sale contained in the security deed. It is also undisputed that plaintiff purchased the premises at the foreclosure sale and that the deed to secure debt provided that defendant Mary Ellen Hague would be a tenant holding over in the event of foreclosure. This undisputed evidence is sufficient to authorize a finding, as a matter of law, that defendants are tenants holding over and that plaintiff has "the right to bring dispossessory proceedings under Code Ann. § 61-301 et seq. [now OCGA § 44-7-50 et seq.] *Redwine v. Frizzell,* [184 Ga. 230, 235 (7) (190 SE 789)], and see *Uvalda Naval Stores v. Cullen,* 165 Ga. 115 (139 SE 810)." *McKinney v. South Boston Savings Bank,* 156 Ga. App. 114, 116 (4) (274 SE2d 34). Nonetheless, defendants contend genuine issues of material fact remain as to plaintiff's interest in the premises because of the alleged fraudulent foreclosure sale. This contention is without merit.

"Claimed defects in the landlord's title to premises cannot be raised as a defense to a proceeding for possession under Code Ann. § 61-301, 303 [now OCGA §§ 44-7-50 and 44-7-53]. *Ryals v. Atlantic Life Ins. Co.,* 53 Ga. App. 469 (2) (186 SE 197)." *McKinney v. South Boston Savings Bank,* 156 Ga. App. 114, 115 (2), supra. Under the circumstances of the case sub judice, plaintiff is the owner of the premises until and unless the foreclosure sale is set aside or the deed is void for some other reason. *Ranger v. First Family Mtg. Corp. &c.,* 176 Ga. App. 715 (2) (337 SE2d 388). Consequently, the superior court did not err in granting plaintiff Kennedy's motion for judgment on the pleadings. OCGA § 9-11-12 (c).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 11, 1992 —
RECONSIDERATION DENIED SEPTEMBER 28, 1992 —

*Pruitt & Britt, Glyndon C. Pruitt,* for appellants.
*Martin, Cavan & Andersen, James B. Ritchie III,* for appellee.