## A97A2582. PARKS v. TEXAS COMMERCE BANK.
(494 SE2d 276)

BLACKBURN, Judge.

Texas Commerce Bank filed a dispossessory action against Johnny Parks, alleging that he was a tenant at sufferance following the bank's purchase of certain property at a foreclosure sale. Following a trial, the State Court of DeKalb County entered an order granting a writ of possession to the bank. Parks appeals, claiming that the foreclosure sale violated the automatic stay provisions of the U. S. Bankruptcy Code because of the pendency of his wife's Chapter 13 bankruptcy proceeding.

As an initial matter, we note that Parks has not filed separate enumerations of error as required by Court of Appeals Rule 22 (a), but has merely filed a two-page brief asserting that the foreclosure sale violated the automatic stay. Moreover, his brief does not comply with the provisions of Court of Appeals Rule 27. Parks' appeal is thus subject to dismissal under Court of Appeals Rule 26 (a).

Nevertheless, we have elected to exercise our discretion to consider the merits of this appeal and find that Parks has failed to affirmatively show error by the record. As the record does not include a transcript of the trial, we do not know what evidence was presented to the trial court. The copy of the wife's bankruptcy petition found in the record does not indicate that the subject property was part of the

wife's bankruptcy estate. Although Parks claims that he and his wife were co-debtors with respect to the bank's debt, there is no evidence of this in the record. Accordingly, we must assume that the evidence authorized the trial court's determination that Parks was not protected by the automatic stay provisions of 11 USC § 362 (a) or the co-debtor stay provisions of 11 USC § 1301 as a result of his wife's bankruptcy. See *Burnette v. McCarter*, 211 Ga. App. 781, 783 (3) (440 SE2d 488) (1994) (appeal with enumerations of error dependent upon consideration of evidence heard by trial court will, absent a transcript, result in affirmance).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 18, 1997.

Johnny Parks, *pro se.*
*Morris, Schneider & Prior, Larry W. Johnson*, for appellee.