### A02A1691. FISHER v. ONE STOP MORTGAGE.
(574 SE2d 605)

PHIPPS, Judge.

Donavan Fisher appeals from a judgment that granted a writ of possession to Aames Capital Corporation (Aames). Fisher, however, failed to establish error in that judgment, and we affirm.

As best as we can glean from the sparse record, Fisher became a tenant at sufferance after property at which he resided was sold at a foreclosure sale by One Stop Mortgage. After the foreclosure, Aames instituted a dispossessory action against Fisher, Joyce Fisher, and all others remaining on its property. Fisher filed a pro se response in which he alleged that the foreclosure sale had been conducted wrongfully. Blaming the mortgage company for mishandling negotiations for arranging a repayment plan, Fisher sought additional time "to

negotiate with another mortgage lender to refinance this loan."[1] After a bench trial at which Fisher appeared, the State Court of DeKalb County determined that Aames was entitled to the writ of possession.

In this pro se appeal, Fisher contends that the trial court failed to consider his claim for wrongful foreclosure. Fisher, however, failed to file a transcript of the proceedings and apparently did not attempt to reconstruct the transcript as allowed by OCGA § 5-6-41 (g) and (i). "When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession."[2] As the appellant, Fisher had the burden "to affirmatively show error by the record."[3] This he failed to do. Therefore, "we must presume the trial court's judgment granting [Aames] a writ of possession is correct."[4]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 19, 2002.

Donavan Fisher, *pro se.*

*Morris, Schneider & Prior, Jayme S. Sellards, Larry W. Johnson,* for appellee.

---

[1] In his brief, Fisher does not explain the relationship, if any, between One Stop Mortgage and Aames.

[2] *Burnette v. Perry*, 253 Ga. App. 407 (559 SE2d 153) (2002).

[3] *Parks v. Texas Commerce Bank*, 229 Ga. App. 467 (494 SE2d 276) (1997).

[4] *Florence v. Green Acres Mobile Home Estates*, 230 Ga. App. 91, 92 (2) (495 SE2d 346) (1998).