A04A1261. HARDEN et al. v. YOUNG.
(606 SE2d 6)

BLACKBURN, Presiding Judge.

In this dispossessory action, James and Debra Harden, acting pro se, appeal the trial court's grant of a writ of possession in favor of Janet Young. Because the Hardens failed to file a transcript of the bench trial, we affirm.

Young instituted dispossessory proceedings against the Hardens, claiming that the Hardens failed to pay rent pursuant to a lease agreement and seeking $4,800 in past due rent. The Hardens answered, claiming that they had not received proper notice to quit and justifying the nonpayment of full rent on the ground that the premises needed repair. Following a bench trial, the court issued a writ of possession in favor of Young and entered judgment against the

---

[4] *In the Interest of V. M. T.*, 243 Ga. App. 732, 736-737 (3) (534 SE2d 452) (2000).

Hardens for past due rent in the amount of $2,280, which included an offset to account for the repair problems.

Acting pro se, the Hardens appealed, claiming that they were entitled to a greater offset for the needed repairs, that they did not receive timely and proper notice to quit or to pay past due rent, and that Young had accepted a rent payment just prior to filing the dispossessory action. Each of these issues would require us to review the evidence submitted at trial.

> [The Hardens], however, failed to file a transcript of the proceedings and apparently did not attempt to reconstruct the transcript as allowed by OCGA § 5-6-41 (g) and (i). When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession. As the appellant[s], [the Hardens] had the burden to affirmatively show error by the record. This [they] failed to do. Therefore, we must presume the trial court's judgment granting [Young] a writ of possession is correct.

*Seay v. Gables Residential Svcs.*[1] See *Young v. Pryer*[2] (affirming writ of possession and money judgment where transcript was absent from appellate record).

In her appellate brief, Young attempts to move for frivolous appeal sanctions. We do not consider this motion, however, as it was improperly filed. See Court of Appeals Rule 41 (b) ("All motions shall be filed as separate documents. . . . No motions shall be filed in the body of briefs.").

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JULY 20, 2004 —

James Harden, *pro se.*
Debra Harden, *pro se.*
William S. Dominy, for appellee.

---

[1] *Seay v. Gables Residential Svcs.*, 263 Ga. App. 495, 496 (588 SE2d 264) (2003).
[2] *Young v. Pryer*, 257 Ga. App. 768 (572 SE2d 99) (2002).