A06A1358. OLUBAJO v. DEUTSCHE BANK NATIONAL TRUST COMPANY.
(633 SE2d 543)

BLACKBURN, Presiding Judge.

In this dispossessory action, Abimbola Olubajo, acting pro se, appeals the trial court's grant of a writ of possession in favor of Deutsche Bank National Trust Company ("Deutsche Bank"). Because Olubajo failed to file a transcript of the bench trial, we affirm.

Deutsche Bank instituted dispossessory proceedings against Olubajo, claiming that Olubajo was a tenant at sufferance after a foreclosure sale. Olubajo answered, claiming simply that the foreclosure sale was "wrongful." Following a bench trial, the court issued a writ of possession in favor of Deutsche Bank.

On appeal, Olubajo makes various arguments based on factual issues that would require us to review the evidence submitted at trial.

> [Olubajo], however, failed to file a transcript of the proceedings and apparently did not attempt to reconstruct the transcript as allowed by OCGA § 5-6-41 (g) and (i). When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession. As the

---

[7] See *H. R. Kaminsky & Sons, Inc. v. Yarbrough*, 158 Ga. App. 523, 524 (1) (281 SE2d 289) (1981).

appellant[, Olubajo] had the burden to affirmatively show error by the record. This [Olubajo] failed to do. Therefore, we must presume the trial court's judgment granting [Deutsche Bank] a writ of possession is correct.

*Harden v. Young.*[1] See *Simmons v. Sopramco III, LLC.*[2]
*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 7, 2006 —
RECONSIDERATION DENIED JUNE 27, 2006.

Abimbola O. Olubajo, *pro se.*
*McCalla & Raymer, Robert M. Sheffield*, for appellee.

[1] *Harden v. Young*, 268 Ga. App. 619, 620 (606 SE2d 6) (2004).
[2] *Simmons v. Sopramco III, LLC*, 278 Ga. App. 830 (630 SE2d 61) (2006).