A08A1056. MACKEY et al. v. FEDERAL NATIONAL MORTGAGE ASSOCIATION.

(669 SE2d 397)

JOHNSON, Presiding Judge.

On June 21, 2006, the Federal National Mortgage Association ("Fannie Mae") initiated a dispossessory proceeding with respect to real property occupied by Carol and Calvin Mackey. Following a bench trial, the State Court of DeKalb County issued a writ of possession in favor of Fannie Mae. The Mackeys appeal, alleging that the trial court erred in (i) denying their motion to transfer venue of the proceeding to the Superior Court of DeKalb County; (ii) failing to

dismiss the proceeding based on what they allege to be a fatal flaw in the dispossessory warrant; (iii) granting the writ of possession in the absence of sufficient evidence; (iv) failing to issue findings of fact and conclusions of law or to rule on each of their defenses and counter-claims; and (v) awarding the sums held in the registry of the trial court to Fannie Mae. We discern no error and affirm.

We apply a de novo standard of review to questions of law decided by the trial court, and factual findings made by the trial court shall not be set aside unless clearly erroneous.[1] So viewed, the record shows that the dispossessory proceeding was twice continued by consent, and the trial date was reset for August 25, 2006. On that morning, the Mackeys moved to stay the proceeding or, in the alternative, to transfer it to the superior court. Pursuant to a consent order, the parties agreed to a stay pending resolution of a related action that the Mackeys had filed in federal court. The consent order also provided that the Mackeys would pay monthly rent of $1,340 into the registry of the trial court and that the case would be placed on the trial calendar once pending motions for summary judgment were ruled upon in the federal court case.

After the federal court ruled adversely to the Mackeys in the related action, the trial court heard arguments on the Mackeys' motion to transfer the proceeding to superior court. On November 26, 2007, the trial court denied the Mackeys' motion to transfer, granted Fannie Mae a writ of possession to the property, and awarded Fannie Mae the funds paid into the court registry pursuant to the consent order.

1. The Mackeys appeal, asserting that because they raised equitable counterclaims disputing the validity of the foreclosure and Fannie Mae's title to the property, the trial court erred in denying their motion to transfer. However, as we held in *Solomon v. Norwest Mtg. Corp.*,[2] "because the state court is a court of record with jurisdiction over the dispossessory action, the trial court did not err in denying the motion to transfer."[3] In addition, to the extent that such counterclaims were not already resolved in their federal court action, the Mackeys could have filed a separate action in superior court challenging the foreclosure and Fannie Mae's title to the property.

2. The Mackeys also claim that the trial court erred in failing to dismiss the proceeding based on what they allege to be a fatal flaw in the dispossessory warrant. The dispossessory warrant was signed by

---

[1] *Lifestyle Home Rentals v. Rahman*, 290 Ga. App. 585 (660 SE2d 409) (2008).
[2] 245 Ga. App. 875 (538 SE2d 783) (2000).
[3] Id. at 877 (3).

Gregory M. Taube, who is counsel for Fannie Mae. While the Mackeys complain that the warrant did not specify in which capacity Taube was signing, OCGA § 44-7-50 (a) provides only that a demand for possession may be made by the owner or by its "agent, attorney in fact, or attorney at law." The statute does not require the warrant to state which of the permissible affiants is signing, and, because Taube is Fannie Mae's attorney at law, the dispossessory warrant was validly issued.

3. While the Mackeys claim that the writ of possession was granted based on insufficient evidence, they failed to provide a transcript of the bench trial at which such evidence was presented. The Mackeys have the burden "to affirmatively show error by the record,"[4] and they have failed to do so in this case. Accordingly, we must assume that the evidence presented at trial supported the grant of the writ of possession.[5]

4. The Mackeys also claim that the trial court erred by issuing an order that did not include findings of fact and conclusions of law or a ruling on each of their defenses and counterclaims. We disagree.

OCGA § 9-11-52 (a) provides that "in all nonjury trials in courts of record, the court shall *upon request of any party made prior to such ruling*, find the facts specially and shall state separately its conclusions of law."[6] Here, the Mackeys moved the trial court to enter findings of fact and conclusions of law only *after* the court entered its ruling. Moreover, while OCGA § 44-7-56 provides a mechanism for trial courts to enter findings of fact and conclusions of law in cases being appealed, that statute makes entry of such findings and conclusions permissive, not mandatory.[7] Since the trial court was not required to include either findings of fact or conclusions of law or a separate ruling as to each of the Mackeys' defenses and counterclaims, such enumerations are without merit.

5. Finally, the Mackeys claim that the trial court erred by awarding Fannie Mae the rent paid into the court's registry because they continue to challenge the validity of the foreclosure. However, OCGA § 44-7-54 (c) provides that if either party appeals the trial court's ruling, funds held in the court registry (other than those found by the trial court to be due from the landlord to the tenant) shall be due to the landlord "unless the tenant can show good cause that some or all of such payments should remain in court pending a final determination of the issues." Since the Mackeys (as tenants at

---

[4] (Punctuation omitted.) *Simmons v. Sopramco III, LLC*, 278 Ga. App. 830, 831 (630 SE2d 61) (2006).

[5] See *Bradley v. JPMorgan Chase Bank*, 289 Ga. App. 704, 706 (658 SE2d 240) (2008).

[6] (Emphasis supplied.)

[7] See *Poor v. Leader Fed. Bank &c.*, 221 Ga. App. 889, 890 (1) (473 SE2d 563) (1996).

sufferance) failed to provide a transcript of the bench trial, which might have provided evidence supporting their "good cause" argument, we must assume that the evidence presented at trial supported the actions of the trial court.[8]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 24, 2008 —
RECONSIDERATION DENIED NOVEMBER 13, 2008 —

*Daniel D. Bowen*, for appellants.

*Nelson, Mullins, Riley & Scarbrough, Gregory M. Taube*, for appellee.

---

[8] See *Bradley*, supra, 289 Ga. App. at 706.

