A08A1034, A08A1602. MILEY v. THORNBURG MORTGAGE HOME LOANS, INC. (two cases).

(668 SE2d 560)

JOHNSON, Presiding Judge.

In this dispossessory action, Althea Miley, acting pro se, appeals the trial court's grant of a writ of possession in favor of Thornburg Mortgage Home Loans, Inc. and its dismissal of her counterclaims. She also appeals the trial court's order requiring her to pay rent into the court. Because Miley failed to file a transcript of the trial, we affirm.

The record shows that Thornburg foreclosed on real property located in DeKalb County on September 4, 2007, and was the successful bidder at the subsequent property auction, purchasing the property for $226,200. Thornburg instituted dispossessory proceedings against Miley, claiming Miley was a tenant at sufferance following the foreclosure. Miley answered and counterclaimed, claiming the foreclosure was wrongful. Following a bench trial, the trial court entered judgment for Thornburg and dismissed without prejudice Miley's counterclaims for wrongful foreclosure and violations of the Fair Debt Collection Practices Act. The trial court entered a writ of possession in favor of Thornburg and subsequently entered a separate order requiring Miley to pay rent into the court during the pendency of the case.

On December 28, 2007, Miley filed a pro se appeal and motion to dismiss the writ of possession (Case No. A08A1034), requesting the Supreme Court of Georgia to hear her appeal. The Supreme Court transferred the appeal to this Court on January 28, 2008. On March 20, 2008, Miley filed a timely pro se application for discretionary review of the court's order requiring her to pay rent into the court. This Court determined that an application for discretionary review was not required in the case and granted Miley's application (Case No. A08A1602). Because the facts and parties at issue in these cases are identical, we have consolidated them for consideration. Both appeals fail.

We first note that Miley does not include any enumeration of errors in her Case No. A08A1034 appellate brief, as required by Court of Appeals Rule 25 (a) (2). Rather, Miley lists a number of "questions" concerning courtroom procedure, bench trial proceedings, superior court jurisdiction, and removal to federal court.

Secondly, even if we consider Miley's "questions" as enumerations of error, both of Miley's appellate briefs fail to provide any references to the record to support her enumerations of errors. Court of Appeals Rule 25 (c) (2) (i) provides that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration." "It is not the function of this court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record."[1] Moreover, allegations of fact appearing only in appellate briefs and unsupported by evidence in the record will not be considered on appeal.[2]

Most importantly, we note that Miley makes various arguments based on factual issues that would require consideration of the evidence presented at the hearing before the trial court. Miley, however, failed to file a transcript of the proceedings and apparently did not attempt to reconstruct the proceedings in accordance with OCGA § 5-6-41 (g) and (i). "When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession."[3] Miley had the burden to affirmatively show error by the record,[4] and she has failed to provide this Court with any evidence to support her allegations of error. We must presume that the trial court's judgment and orders are correct.

*Judgments affirmed in both cases. Barnes, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 2, 2008 —
RECONSIDERATION DENIED OCTOBER 21, 2008 — ■

Althea Miley, *pro se.*
*McCalla Raymer, Adam M. Silver, Meredith N. Atwood,* for appellee.

---

[1] (Punctuation and footnote omitted.) *Dwyer v. Mtg. Electronic Registration Systems,* 258 Ga. App. 220 (573 SE2d 489) (2002).

[2] See *Hallisy v. Snyder,* 219 Ga. App. 128, 129 (2) (464 SE2d 219) (1995).

[3] (Citations and footnotes omitted.) *Olubajo v. Deutsche Bank Nat. Trust Co.,* 280 Ga. App. 154 (633 SE2d 543) (2006).

[4] Id. at 155.