### A09A0661. ASHI-DARE v. HSBC BANK USA, N.A.
(676 SE2d 835)

JOHNSON, Presiding Judge.

HSBC Bank USA, N.A. ("the Bank") brought this dispossessory action against Olushola Ashi-Dare for real property located in Ellenwood, Georgia. The State Court of DeKalb County granted a writ of possession to the Bank, and Ashi-Dare appeals. Finding no error, we affirm.

1. It appears that Ashi-Dare owned the Ellenwood property subject to a note and deed to secure debt held by the Bank. At some point, Ashi-Dare fell behind on her mortgage payments, and she filed for Chapter 13 bankruptcy protection. Arguing that its security in the property was not adequately protected, the Bank asked the bankruptcy court for relief from the automatic stay on foreclosure proceedings.[1] The bankruptcy court granted the request, and the Bank sought a writ of possession after it foreclosed on the property in August 2008. The state court issued the writ following an evidentiary hearing.

Ashi-Dare objects to the writ on appeal, arguing that she "made all payments" required by the bankruptcy trustee. But the bankruptcy court exempted the Ellenwood property from the automatic bankruptcy stay, explicitly authorizing the Bank to pursue all available legal remedies — including foreclosure — to protect its property interest. Ashi-Dare has not pointed to any evidence undermining the Bank's right to possession, and the appellate record does not contain a transcript of the dispossessory hearing. We thus do not know what evidence the Bank presented to support its claim.

"When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession."[2] This is because "there is a presumption in favor of the regularity and legality of all proceedings in the trial court."[3] Ashi-Dare had the burden of showing error

---

[1] See 11 USC § 362.

[2] (Citation and punctuation omitted.) *Miley v. Thornburg Mtg. Home Loans*, 294 Ga. App. 140, 141 (668 SE2d 560) (2008).

[3] (Citation and punctuation omitted.) *Anthony v. U. S. Bank Nat. Assn.*, 284 Ga. App. 765, 766 (645 SE2d 12) (2007).

affirmatively by the record.[4] She failed to do so, offering no evidence that the trial court erred in issuing the writ of possession. Accordingly, we presume the trial court ruled correctly and affirm.[5]

2. Given our decision in Division 1, the Bank's motion to dismiss this appeal based on inadequacies in Ashi-Dare's appellate brief is moot.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MARCH 30, 2009.

Olushola Ashi-Dare, *pro se.*
*Shapiro & Swertfeger, Philip A. Hasty*, for appellee.