### A09A1888, A09A2101. JACKMAN v. LaSALLE BANK, N.A.
(683 SE2d 925)

BLACKBURN, Presiding Judge.

In this dispossessory action, Bridget Roxanne Jackman appeals, pro se, from two separate orders entered by the trial court, arguing that the landowner, LaSalle Bank N.A. ("LaSalle"), wrongfully foreclosed on the property. In Case No. A09A1888, Jackman appeals from the trial court's order granting LaSalle a writ of possession for the premises in question; in Case No. A09A2101, Jackman appeals from the trial court's order requiring her to pay rent into court, pending her appeal of the writ of possession. Because an allegation of wrongful foreclosure is not a valid defense to a dispossessory action, and because Jackman failed to include a trial transcript in the record on appeal, we affirm the orders in both cases.

The undisputed facts show that on April 21, 2009, LaSalle filed a dispossessory warrant against Jackman and her husband in DeKalb County State Court, asserting that they were tenants at sufferance as a result of LaSalle's purchase of the property at a February 3, 2009 foreclosure sale. See *Solomon v. Norwest Mtg. Corp.*[1] (where the former property owner "remains in possession of the premises after lawful foreclosure of the deed, she is a tenant at sufferance and is subject to be summarily dispossessed by the purchaser at the foreclosure sale") (punctuation omitted). Jackman filed an answer and a motion to dismiss, asserting that the foreclosure sale was wrongful and that, because she had filed an action for "fraudulent foreclosure" against LaSalle in DeKalb County Superior Court, the dispossessory action could not proceed.

Following a trial on the merits, the trial court issued a writ of dispossession for May 20, 2009. Jackman then filed her notice of

---

[1] *Solomon v. Norwest Mtg. Corp.*, 245 Ga. App. 875, 876 (1) (538 SE2d 783) (2000).

appeal as to that writ. On May 28, 2009, LaSalle filed a motion, pursuant to OCGA § 44-7-56, seeking an order requiring Jackman to pay rent into the registry of the court pending the appeal, if she wished to remain in possession of the premises. The trial court granted that motion and entered such an order on June 8, 2009. Jackman then filed her notice of appeal as to that order.

## Case No. A09A1888

1. In her appeal of the writ of dispossession, Jackman contends that the trial court erred in rejecting her defense of wrongful foreclosure, because that issue, and therefore the issue of the property's ownership, could not be determined until the conclusion of her civil action against LaSalle in superior court. This contention fails for at least two reasons.

First, the alleged invalidity of a foreclosure sale cannot be asserted as a defense in a subsequent dispossessory proceeding. See *Hurt v. Norwest Mtg.*[2]

> The purchaser at a foreclosure sale under a power of sale in a security deed is the sole owner of the property *until and unless the sale is set aside*. It is not germane to a dispossessory proceeding to allege that a contract under which the plaintiff claims to derive title from the defendant is void and should be canceled. If the sale of the premises under the power of sale in the loan deed was void on account of its improper exercise, or because the loan was not mature, this [can]not be set up as a defense to a dispossessory proceeding under . . . OCGA §§ 44-7-50; 44-7-53.

(Punctuation omitted; emphasis supplied.) *Bellamy v. Fed. Deposit Ins. Corp.*[3] See also *Solomon*, supra, 245 Ga. App. at 876 (1) ("after foreclosure sale, the former owner cannot attack dispossession without first setting aside the foreclosure and deed") (punctuation omitted); *Hague v. Kennedy*[4] ("[c]laimed defects in the landlord's title to premises cannot be raised as a defense" in a dispossessory proceeding) (punctuation omitted). Thus, while Jackman was free to challenge the foreclosure and LaSalle's title to the property in her superior court action, she could not use the existence of that action

---

[2] *Hurt v. Norwest Mtg.*, 260 Ga. App. 651, 659 (2) (i) (580 SE2d 580) (2003).

[3] *Bellamy v. Fed. Deposit Ins. Corp.*, 236 Ga. App. 747, 749 (a) (512 SE2d 671) (1999).

[4] *Hague v. Kennedy*, 205 Ga. App. 586, 588 (423 SE2d 283) (1992).

as a defense to the dispossessory proceeding.[5] See *Mackey v. Fed. Nat. Mtg. Assn.*[6] (holding that trial court did not err in refusing to transfer a dispossessory proceeding to superior court, where defendants could assert a counterclaim for wrongful foreclosure, and noting that defendants were entitled to file a separate action challenging the foreclosure in superior court).

Furthermore, even if Jackman could assert the pendency of the superior court action as a defense in the dispossessory proceeding, we cannot review the same because she failed to include a trial transcript in the record on appeal. Specifically, a determination of whether Jackman does, in fact, have an action pending against LaSalle in superior court and whether that action asserted a claim for wrongful foreclosure would require us to review the evidence submitted at trial.[7]

> When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession. As the appellant[, Jackman] had the burden to affirmatively show error by the record. This [she] failed to do.

(Punctuation omitted.) *Bradley v. JPMorgan Chase Bank*.[8] See also *Miley v. Thornburg Mtg. Home Loans*[9] (where former property owner brought a pro se challenge to writ of dispossession, but failed to file a transcript of the proceedings below, court was required to "presume that the trial court's judgment and orders are correct").

### Case No. A09A2101

2. Jackman also challenges the trial court's order requiring her to pay rent pending the appeal of the dispossessory warrant, if she wished to remain in possession of the premises. In support of this appeal, Jackman offers the same arguments she offered in her first brief, i.e., that the trial court erred in granting the writ of dispossession because the foreclosure was invalid. In light of our holding in

---

[5] We note that there is no evidence in the record that Jackman sought to have the dispossessory case transferred to superior court, for the purpose of consolidating the same with her action challenging the foreclosure.

[6] *Mackey v. Fed. Nat. Mtg. Assn.*, 294 Ga. App. 495, 496 (1) (669 SE2d 397) (2008).

[7] We note that the only "evidence" of the alleged superior court action are the allegations contained in Jackman's pleadings. Those pleadings do not indicate the basis for Jackman's claim that the foreclosure was fraudulent or wrongful.

[8] *Bradley v. JPMorgan Chase Bank*, 289 Ga. App. 704, 706 (658 SE2d 240) (2008).

[9] *Miley v. Thornburg Mtg. Home Loans*, 294 Ga. App. 140, 141 (668 SE2d 560) (2008).

the dispossessory appeal, therefore, we also affirm the trial court's order in this case. See also OCGA § 44-7-56 (if the judgment in a dispossessory proceeding "is against the tenant and the tenant appeals this judgment, the tenant *shall* be required to pay into the registry of the court all sums found by the trial court to be due for rent in order to remain in possession of the premises") (emphasis supplied).

*Judgments affirmed in Case Nos. A09A1888 and A09A2101. Adams and Doyle, JJ., concur.*

DECIDED AUGUST 31, 2009.

Bridget R. Jackman, *pro se.*

*Shapiro & Swertfeger, Denise R. Griffin, Philip A. Hasty,* for appellee.