A09A1666, A09A1978. OWENS v. GREEN TREE SERVICING LLC (two cases).
(684 SE2d 99)

BLACKBURN, Presiding Judge.

In this dispossessory action, Terrence Owens appeals first from the court's issuance of a writ of dispossession, arguing that the landowner Green Tree Servicing LLC wrongfully foreclosed on the property. We affirm in this case on two grounds: such is not a valid defense to a dispossessory action, and Owens failed to include a transcript of the trial, precluding our review of his claim of error. Owens's second appeal is from the court's order requiring him to pay rent pending the appeal. In light of our disposition of the first appeal, this second appeal is moot and is therefore dismissed.

The undisputed facts show that on March 9, 2009, Green Tree filed a dispossessory warrant against Owens and other occupants of a residence, asserting that they were all tenants at sufferance as a result of Green Tree's obtaining the property through a recent

---

[20] *Allen v. State*, 268 Ga. App. 519, 529 (3) (602 SE2d 250) (2004).
[21] *Herndon v. State*, 232 Ga. App. 129, 131 (1) (499 SE2d 918) (1998).

foreclosure sale. See *California Fed. Sav. &c. Assn. v. Day*[1] (the former owner, "by remaining in possession of the premises after a lawful foreclosure of his deed to secure debt, became a tenant at sufferance and subject to summary dispossession by appellant, the purchaser at the foreclosure sale"). Green Tree sought dispossession only. Owens answered, claiming that because of a pending bankruptcy by a co-debtor and because of notice defects, the foreclosure was wrongful, and that therefore no writ of dispossession should issue. After a trial on the merits, the trial court issued a writ of dispossession on March 26, 2009, which writ Owens appeals in Case No. A09A1666. On April 27, 2009, Green Tree moved the court to require Owens under OCGA § 44-7-56 to pay rent into the registry of the court pending the appeal (if he wished to remain in possession of the premises); the court entered such an order, which Owens appeals in Case No. A09A1978.

## Case No. A09A1666

1. In his appeal of the writ of dispossession, Owens contends that the trial court erred in rejecting his defense of wrongful foreclosure that asserted the bankruptcy of a co-debtor and other alleged defects in the foreclosure process. This contention fails for at least two reasons.

First, "[a] challenge to the validity of foreclosure in defense of a dispossessory proceeding will not lie, because, after a foreclosure sale, the former owner cannot attack dispossession without first setting aside the foreclosure and deed." *Hurt v. Norwest Mtg.*[2] See *Solomon v. Norwest Mtg. Corp.*[3] ("after foreclosure sale, the former owner cannot attack dispossession without first setting aside the foreclosure and deed") (punctuation omitted); *Hague v. Kennedy*[4] ("[c]laimed defects in the landlord's title to premises cannot be raised as a defense to a proceeding for possession . . .") (punctuation omitted).

Second, even if Owens's defenses were available in a dispossessory proceeding, we cannot review the same because Owens failed to include a trial transcript in the record. Indeed, Owens specifically stated in his notice of appeal that "[t]here is no trial transcript in this case." Yet determination of the "wrongful foreclosure" issue asserted by Owens on appeal (based on an alleged bankruptcy by a co-debtor and alleged notice defects in the foreclosure) would require

---

[1] *California Fed. Sav. &c. Assn. v. Day*, 193 Ga. App. 690, 691 (388 SE2d 727) (1989).
[2] *Hurt v. Norwest Mtg.*, 260 Ga. App. 651, 659 (2) (i) (580 SE2d 580) (2003).
[3] *Solomon v. Norwest Mtg. Corp.*, 245 Ga. App. 875, 876 (1) (538 SE2d 783) (2000).
[4] *Hague v. Kennedy*, 205 Ga. App. 586, 588 (423 SE2d 283) (1992).

us to review the evidence submitted at trial.

> [Owens], however, failed to file a transcript of the proceed-
> ings and apparently did not attempt to reconstruct the
> transcript as allowed by OCGA § 5-6-41 (g) and (i). When a
> transcript of the evidence is necessary, as it is here, and the
> appellant omits it from the record or fails to submit a
> statutorily authorized substitute, we must assume that the
> evidence supported the grant of a writ of possession. As the
> appellant[, Owens] had the burden to affirmatively show
> error by the record. This [he] failed to do. Therefore, we
> must presume the trial court's judgment granting [Green
> Tree] a writ of possession is correct.

(Punctuation omitted.) *Harden v. Young*.[5] We have specifically so held in cases challenging a foreclosure as wrongful, whether because of a bankruptcy stay or otherwise. See, e.g., *Miley v. Thornburg Mtg. Home Loans*;[6] *Olubajo v. Deutsche Bank Nat. Trust Co.*;[7] *Wimbley v. Washington Mut. Bank*;[8] *Parks v. Texas Commerce Bank*.[9]

### Case No. A09A1978

2. The second appeal is from the trial court's ruling ordering Owens to pay rent pending appeal, if he wished to remain in possession of the premises. Citing *Carter v. Landel/Arundel, Inc.*[10] and *Wall v. T. J. B. Svcs.*,[11] Green Tree claims that Owens was required to file an interlocutory application to have this appeal heard. However, in both of those cases, the appeal was from an order directing the tenant to pay rent pending the disposition of the dispossessory case; in neither had the trial court decided the question of possession, thus making the appeal from the order to pay rent premature (absent compliance with interlocutory appeal proce-dures).

Here, the trial court had already decided the sole issue of dispossession, leaving nothing to be decided when the court entered the post-judgment order requiring the payment of rent pending appeal. Similar to a post-judgment order requiring the posting of a

[5] *Harden v. Young*, 268 Ga. App. 619, 620 (606 SE2d 6) (2004).
[6] *Miley v. Thornburg Mtg. Loans*, 294 Ga. App. 140, 141 (668 SE2d 560) (2008).
[7] *Olubajo v. Deutsche Bank Nat. Trust Co.*, 280 Ga. App. 154 (633 SE2d 543) (2006).
[8] *Wimbley v. Washington Mut. Bank*, 271 Ga. App. 477, 478 (610 SE2d 124) (2005).
[9] *Parks v. Texas Commerce Bank*, 229 Ga. App. 467, 468 (494 SE2d 276) (1997).
[10] *Carter v. Landel/Arundel, Inc.*, 172 Ga. App. 115, 116 (3) (322 SE2d 108) (1984).
[11] *Wall v. T. J. B. Svcs.*, 141 Ga. App. 437 (233 SE2d 810) (1977).

supersedeas bond, a post-judgment order requiring the payment of rent pending appeal is subject to direct appeal, as there is nothing left to be decided in the trial court. See OCGA § 5-6-34 (a) (1). Cf. *Rapps v. Cooke*[12] (direct appeal of post-judgment order requiring supersedeas bond); *Robenolt v. Chrysler Financial Svcs. Corp.*[13] (direct appeal of post-judgment order to pay rent pending appeal).

3. Owens argues that the trial court lacked the authority to order him to pay rent pending appeal. Beyond the fact that such is expressly authorized by OCGA § 44-7-56, we hold that in light of our disposition of the dispossessory appeal, the question is moot in any case. See *Ruskin v. AAF-McQuay, Inc.*[14] ("as the [main] appeal . . . has been decided, the matter of the bond is moot"). Accordingly, this second appeal is dismissed as moot. See *Almonte v. West Ashley Toyota.*[15]

*Judgment affirmed in Case No. A09A1666. Appeal dismissed as moot in Case No. A09A1978. Adams and Doyle, JJ., concur.*

DECIDED SEPTEMBER 2, 2009.

Terrence Owens, *pro se.*
*Pendergast & Jones, Howell A. Hall,* for appellee.

---

[12] *Rapps v. Cooke,* 234 Ga. App. 131, 134 (2) (505 SE2d 566) (1998).
[13] *Robenolt v. Chrysler Financial Svcs. Corp.,* 201 Ga. App. 168, 170 (4) (410 SE2d 365) (1991).
[14] *Ruskin v. AAF-McQuay, Inc.,* 284 Ga. App. 49, 53 (643 SE2d 333) (2007).
[15] *Almonte v. West Ashley Toyota,* 281 Ga. App. 808, 810 (637 SE2d 755) (2006).