## A10A0483. VINES v. LaSALLE BANK NATIONAL ASSOCIATION.

### (691 SE2d 242)

BLACKBURN, Presiding Judge.

In this dispossessory action, Thomas W. and Linda J. Vines appeal, pro se, from the trial court's order granting the property owner, LaSalle Bank National Association ("LaSalle"), a writ of possession for the premises, arguing that LaSalle wrongfully foreclosed on the property. Because an allegation of wrongful foreclosure is not a valid defense to a dispossessory action, and because the Vines failed to include a trial transcript in the record on appeal, we affirm.

The undisputed facts show that on September 9, 2009, LaSalle filed a dispossessory warrant against the Vines in DeKalb County State Court, asserting that they were tenants at sufferance as a result of LaSalle's purchase of the property at a nonjudicial foreclosure sale on August 4, 2009. See *Solomon v. Norwest Mtg. Corp.*[1] (where the former property owner "remains in possession of the premises after lawful foreclosure of the deed, she is a tenant at sufferance and is subject to be summarily dispossessed by the purchaser at the foreclosure sale") (punctuation omitted). The Vines filed an answer, asserting that the foreclosure sale was wrongful because they had paid their mortgage in full. Following a trial on the merits, the trial court issued a writ of dispossession for October 12, 2009. This appeal followed.[2]

The Vines contend that the trial court erred by refusing to allow them to submit evidence showing that their mortgage had been satisfied — i.e., that the trial court erred by rejecting their defense of wrongful foreclosure. This contention fails for at least two reasons.

First, challenges to a foreclosure sale cannot be asserted as a defense in a subsequent dispossessory proceeding. See *Hurt v. Norwest Mtg.*[3]

> The purchaser at a foreclosure sale under a power of sale in a security deed is the sole owner of the property *until and unless the sale is set aside*. It is not germane to a dispossessory proceeding to allege that a contract under which the plaintiff claims to derive title from the defendant is void and should be canceled. If the sale of the premises under the power of sale in the loan deed was void on account of its improper exercise, or because the loan was not mature, this

---

[1] *Solomon v. Norwest Mtg. Corp.*, 245 Ga. App. 875, 876 (1) (538 SE2d 783) (2000).

[2] On October 26, 2009, LaSalle filed a motion to dismiss the appeal as frivolous. That motion is hereby denied.

[3] *Hurt v. Norwest Mtg.*, 260 Ga. App. 651, 659 (2) (i) (580 SE2d 580) (2003).

[cannot] be set up as a defense to a dispossessory proceeding under . . . OCGA §§ 44-7-50[,] 44-7-53.

(Punctuation omitted; emphasis supplied.) *Bellamy v. Fed. Deposit Ins. Corp.*[4] See also *Solomon*, supra, 245 Ga. App. at 876 (1) ("after foreclosure sale, the former owner cannot attack dispossession without first setting aside the foreclosure and deed") (punctuation omitted); *Hague v. Kennedy*[5] ("[c]laimed defects in the landlord's title to premises cannot be raised as a defense" in a dispossessory proceeding) (punctuation omitted). Thus, while the Vines were free to challenge the foreclosure and LaSalle's title to the property in a separate action, they could not assert such a challenge as a defense to the dispossessory proceeding. See *Mackey v. Fed. Nat. Mtg. Assn.*[6] (holding that trial court did not err in refusing to transfer a dispossessory proceeding to superior court, where defendants could assert a counterclaim for wrongful foreclosure, and noting that defendants were entitled to file a separate action challenging the foreclosure in superior court).

Furthermore, even if the Vines could assert the invalidity of the foreclosure sale as a defense in the dispossessory proceeding, we cannot review the same because they failed to include a trial transcript in the record on appeal. Specifically, a determination of whether the Vines attempted to offer evidence showing that their mortgage was satisfied and whether the trial court rejected the same would require us to review the transcript of the proceedings below.[7]

> When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession. As the appellants, the [Vines] had the burden to affirmatively show error by the record. This they failed to do.

(Punctuation omitted.) *Bradley v. JPMorgan Chase Bank.*[8] See also *Miley v. Thornburg Mtg. Home Loans*[9] (where former property owner brought a pro se challenge to writ of dispossession, but failed to file a transcript of the proceedings below, court was required to "pre-

---

[4] *Bellamy v. Fed. Deposit Ins. Corp.*, 236 Ga. App. 747, 749 (a) (512 SE2d 671) (1999).

[5] *Hague v. Kennedy*, 205 Ga. App. 586, 588 (423 SE2d 283) (1992).

[6] *Mackey v. Fed. Nat. Mtg. Assn.*, 294 Ga. App. 495, 496 (1) (669 SE2d 397) (2008).

[7] We note that the only "evidence" of the Vines' alleged satisfaction of their mortgage are the assertions contained in their pleadings. The Vines did not attach as exhibits to those pleadings any documents or other evidence supporting their assertions.

[8] *Bradley v. JPMorgan Chase Bank*, 289 Ga. App. 704, 706 (658 SE2d 240) (2008).

[9] *Miley v. Thornburg Mtg. Home Loans*, 294 Ga. App. 140, 141 (668 SE2d 560) (2008).

sume that the trial court's judgment and orders are correct").
*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED FEBRUARY 12, 2010.

Thomas W. Vines, *pro se.*
*Richard B. Maner*, for appellee.