A10A0340, A10A0341, A10A0342. SANDERS v. DANIEL
(three cases).
(691 SE2d 244)

BLACKBURN, Presiding Judge.

In this dispossessory action, Martha Sanders appeals from three separate orders entered by the trial court. In Case No. A10A0340, she appeals from the issuance of a dispossessory order in favor of Kevin Daniel, arguing that in finding that Daniel owned the property, the trial court improperly relied on an order quieting title that was issued by a court without subject matter jurisdiction. In Case No. A10A0341, Sanders appeals from the court's order requiring her to pay a supersedeas bond pending the appeal of the dispossessory order, and in Case No. A10A0342, she appeals from the court's order granting Daniel a writ of possession. For the reasons set forth below, we affirm the trial court's ruling in all three cases.

The undisputed facts show that on January 8, 2009, Daniel filed a dispossessory action against Sanders in Monroe County Magistrate Court, asserting that Sanders was a tenant at sufferance as a result of Daniel's purchase of the subject Monroe County property from a company that had acquired the property through a county tax sale. See *Myers v. North Ga. Title &c. Exchange.*[1] Sanders filed an answer, and the magistrate court transferred the case to the Monroe County Superior Court. On February 20, 2009, following a trial on the merits, the trial court issued a dispossessory order in favor of Daniel. Sanders then filed her notice of appeal as to that order.

On March 5, 2009, Daniel filed a motion, pursuant to OCGA § 44-7-56, seeking an order requiring Sanders to pay a supersedeas bond pending the appeal. In response, Sanders filed an affidavit of indigence, stating that she could not afford to pay a supersedeas bond. Following a hearing on the issue, the trial court granted Daniel's motion and entered such an order on April 29, 2009. Sanders filed a notice of appeal from that order on May 28, 2009. After Sanders failed to pay the supersedeas bond, Daniel filed a motion for writ of possession, which the trial court granted on June 3, 2009. Shortly thereafter, Sanders filed a notice of appeal from that order as well.[2]

---

[1] *Myers v. North Ga. Title &c. Exchange*, 241 Ga. App. 379, 380 (1) (527 SE2d 212) (1999).

[2] In all three cases, Sanders initially filed notices of appeal to the Supreme Court of

## Case No. A10A0340

1. In her appeal of the dispossessory order, Sanders contends that the trial court erred in finding that Daniel had valid title to the property. Specifically, Sanders argues that Daniel's title to the property is invalid because the company from which he bought the property had obtained an order quieting title from the Fulton County Superior Court, which lacked subject matter jurisdiction over property located in Monroe County. See Ga. Const. of 1983, Art. VI, Sec. II, Par. II; OCGA § 23-3-62 (a). This contention is without merit.

"Claimed defects in the landlord's title to premises cannot be raised as a defense to a proceeding for possession under OCGA § 44-7-50 et seq." (Punctuation omitted.) *Good Ol' Days Commissary v. Longcrier Family Ltd. Partnership I*.[3] See *Hague v. Kennedy*.[4] "It is not germane to a dispossessory proceeding to allege that a contract under which the plaintiff claims to derive title from defendant is void and should be canceled." (Punctuation omitted.) *Jackman v. LaSalle Bank, N.A.*[5] Thus, while Sanders was (and is) free to challenge Daniel's title in a separate action, she could not raise the alleged defect as a defense to Daniel's dispossessory action. See *Mackey v. Fed. Nat. Mtg. Assn.*[6]

Furthermore, even if Sanders's defense was available in a dispossessory proceeding, we cannot review her contention because she failed to include a trial transcript in the record. In fact, Sanders specifically stated in her amended notice of appeal that "[t]here is no transcript of these proceedings."

> When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a [dispossessory order]. As the appellant[, Sanders] had the burden to affirmatively show error by the record. This [she] failed to do. Therefore, we must presume the trial court's judgment granting [Daniel] a [dispossessory order] is correct.

---

Georgia. However, the Supreme Court ruled that jurisdiction over these matters was with the Court of Appeals and transferred the cases to this Court.

[3] *Good Ol' Days Commissary v. Longcrier Family Ltd. Partnership I*, 240 Ga. App. 111, 113 (1) (522 SE2d 249) (1999).

[4] *Hague v. Kennedy*, 205 Ga. App. 586, 588 (423 SE2d 283) (1992).

[5] *Jackman v. LaSalle Bank, N.A.*, 299 Ga. App. 894, 895 (1) (683 SE2d 925) (2009).

[6] *Mackey v. Fed. Nat. Mtg. Assn.*, 294 Ga. App. 495, 496 (1) (669 SE2d 397) (2008).

(Punctuation omitted.) *Owens v. Green Tree Servicing LLC*.[7] See *Jackman*, supra, 299 Ga. App. at 896 (1).

### Case No. A10A0341

2. Sanders challenges the order requiring her to pay the supersedeas bond pending the appeal of the dispossessory order, arguing that the trial court had no basis for calculating the amount of the bond and that the court ignored her affidavit of indigence. However, again, we cannot review these contentions because Sanders failed to include a transcript of the court's hearing on this issue in the record. Accordingly, we must presume that the trial court's order requiring Sanders to pay a supersedeas bond was correct. See *Jackman*, supra, 299 Ga. App. at 896 (1).

### Case No. A10A0342

3. Sanders further contends that the trial court erred in granting the writ of possession after she failed to pay the supersedeas bond, arguing again that the bond was improperly granted. We disagree.

The trial court was authorized to grant the writ of possession to Daniel because Sanders's continued possession of the subject property was contingent upon her compliance with the court's order to pay the supersedeas bond. See *Mitchell v. Excelsior Sales &c.*;[8] *Hill v. Filsoof*.[9] Inasmuch as Sanders presents no other legal argument showing why the trial court erred in granting the writ of possession, we find that her claim of error has no merit. See *Hill*, supra, 274 Ga. App. at 477 (2).

*Judgments affirmed in Case Nos. A10A0340, A10A0341 and A10A0342. Barnes and Bernes, JJ., concur.*

DECIDED FEBRUARY 12, 2010.

*Chambless, Higdon, Richardson, Katz & Griggs, Larry W. Fouche*, for appellant.

*Bush, Crowley, Leverett & Leggett, Joseph S. Bloodworth*, for appellee.

---

[7] *Owens v. Green Tree Servicing LLC*, 300 Ga. App. 22, 24 (1) (684 SE2d 99) (2009).
[8] *Mitchell v. Excelsior Sales &c.*, 243 Ga. 813, 815-816 (2) (256 SE2d 785) (1979).
[9] *Hill v. Filsoof*, 274 Ga. App. 474, 477 (2) (618 SE2d 12) (2005).