## A10A0592. OWENS v. BANK OF AMERICA, N.A.
(696 SE2d 379)

PHIPPS, Presiding Judge.

After foreclosing upon and then purchasing real property formerly owned by Brian Owens, Bank of America National Association initiated dispossessory proceedings in state court against Owens "and [a]ll [o]thers." Owens, who lived elsewhere and leased the premises out to a tenant, filed an answer and counterclaim for damages, alleging that the foreclosure was unlawful. Following a bench trial at which Owens appeared, the court granted a writ of possession to the Bank and dismissed Owens's counterclaim.

Owens filed this pro se appeal, contending that (1) the trial court erred in not addressing his counterclaim, wherein he asserted that the Bank had violated foreclosure law by disregarding a "bad title issue"; (2) the trial court lacked jurisdiction over the dispossessory action because the damages sought on his wrongful foreclosure counterclaim exceeded the jurisdictional limits of the state court; and (3) the trial court ignored a new federal law intended to protect tenants following foreclosure.

We apply a de novo standard of review to legal issues decided by the trial court, and factual findings made by the trial court shall not be set aside unless clearly erroneous.[1] The appellant has the burden of affirmatively showing error by the record.[2] Owens has failed to carry this burden, so we affirm the judgment of the trial court.

1. Owens has not demonstrated error in the trial court's dismissal of his wrongful foreclosure counterclaim. Even if such a counterclaim were assertable in a dispossessory proceeding,[3] we cannot determine from the record whether Owens pursued the claim

---

[1] Mackey v. Fed. Nat. Mtg. Assn., 294 Ga. App. 495, 496 (669 SE2d 397) (2008).

[2] Fisher v. One Stop Mtg., 258 Ga. App. 479, 480 (574 SE2d 605) (2002).

[3] See, e.g., Vines v. LaSalle Bank, N.A., 302 Ga. App. 353 (691 SE2d 242) (2010) (generally, a challenge to the validity of foreclosure will not lie in defense of a dispossessory proceeding); Owens v. Green Tree Servicing, 300 Ga. App. 22, 23 (1) (684 SE2d 99) (2009); Jackman v. LaSalle Bank, N.A., 299 Ga. App. 894, 895 (1) (683 SE2d 925) (2009); Hague v. Kennedy, 205 Ga. App. 586, 588 (423 SE2d 283) (1992) (this rule includes claimed defects in the title to the premises); Womack v. Columbus Rentals, 223 Ga. App. 501, 504 (3) (478 SE2d 611) (1996) (in a dispossessory action, when a tenant pleads matters concerning foreclosure, the landlord obtains judgment on the pleadings unless and until that foreclosure is set aside); Solomon v. Norwest Mtg. Corp., 245 Ga. App. 875, 876 (3) (538 SE2d 783) (2000) (a counterclaim alleging wrongful foreclosure cannot be tried in state court).

at the dispossessory trial because he has failed to include in the record a trial transcript or acceptable substitute therefor.[4]

2. Owens contends that the case should have been transferred to superior court because the amount of damages he sought in his counterclaim exceeded the jurisdictional limits of state court. But the state court had jurisdiction over the case without regard to the amount in controversy,[5] so this argument is without merit.

3. Assuming, without deciding, that Owens had standing to assert a claim that *his tenant* was not given proper notice under federal law, he has not shown that he raised the argument at trial and sought its disposition. Accordingly, the argument has been waived.[6]

4. There is no merit to Owens's claim that he should have been granted a jury trial, given that the law does not contemplate a jury trial where, as here, no issues remain for jury determination.[7]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED JUNE 7, 2010.

Brian Owens, *pro se.*
*Rubin, Lublin, Suarez & Serrano, Jeffrey C. Horn,* for appellee.

---

[4] *Sanders v. Daniel*, 302 Ga. App. 350, 351 (1) (691 SE2d 244) (2010); *Owens*, supra at 23-24 (1).

[5] OCGA § 15-7-4 (a) (2).

[6] See *Able-Craft, Inc. v. Bradshaw*, 167 Ga. App. 725, 727 (2) (307 SE2d 671) (1983); see generally *Ga. Farm &c. Ins. Co. v. Pawlowski*, 284 Ga. App. 183, 186 (2) (b) (643 SE2d 239) (2007).

[7] *Allen v. Tucker Fed. Bank*, 236 Ga. App. 245, 246 (2) (510 SE2d 546) (1998).