## A10A2330. MOORE v. REO PROPERTIES ACCREDITED HOME LENDERS, INC.
### (705 SE2d 887)

ADAMS, Judge.

Angela Moore appeals the trial court's grant of a writ of possession in favor of REO Properties Accredited Home Lenders, Inc. Moore, acting pro se, contends, among other things, that the original sale of the property to her was fraudulent, that the property was wrongfully foreclosed, that REO did not have the legal right to foreclose on the subject property, that she failed to receive proper notice of the dispossessory, and that the trial court failed to hold a hearing on the dispossessory. We reverse and remand for a reason not argued by Moore.

We start by holding that Moore's enumerations of error fail for six reasons. First, "challenges to a foreclosure sale cannot be asserted as a defense in a subsequent dispossessory proceeding." *Vines v. LaSalle Bank Nat. Assn.,* 302 Ga. App. 353 (691 SE2d 242) (2010), and cases cited therein. Second, "[c]laimed defects in the landlord's title to premises cannot be raised as a defense to a proceeding for possession under OCGA § 44-7-50 et seq." (Citation and punctuation omitted.) *Sanders v. Daniel,* 302 Ga. App. 350, 351 (1) (691 SE2d 244) (2010). Third, the record shows that Moore was

---

[4] (Citation and punctuation omitted.) *In the Interest of K. L.,* 300 Ga. App. 557, 559 (685 SE2d 464) (2009).

provided notice dated July 30, 2008 of a trial to be held at 9:00 a.m. on August 13, 2008, and Moore has not shown how this notice was flawed. Fourth, the court's order indicates that Moore appeared at a trial and that the court heard and considered evidence, and, therefore, Moore's claim that the court failed to hold a hearing is not supported by the record. Fifth, Moore has failed to include a transcript of the trial, which precludes our review of any claim of error arising out of the trial.[1] When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession. As the appellant, Moore had the burden to affirmatively show error by the record. This she failed to do. *Bradley v. JPMorgan Chase Bank*, 289 Ga. App. 704, 706 (658 SE2d 240) (2008). See also *Miley v. Thornburg Mtg. Home Loans*, 294 Ga. App. 140, 141 (668 SE2d 560) (2008). Sixth, Moore has failed to provide citations to authority or references to the record to support her enumerations of error. Court of Appeals Rule 25 (c) (2) (i) provides that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration." Moreover, allegations of fact appearing only in appellate briefs and unsupported by evidence in the record will not be considered on appeal. *Miley*, 294 Ga. App. at 141.

Nevertheless, we reverse and remand because of a fatal discrepancy between the name of the plaintiff in the order below and the name of the appellee, which is made plain by the appellee's own filings. The dispossessory warrant in this case was filed by "Accredited REO Properties, LLC." There is no evidence that the plaintiff changed its name during the proceedings and nothing in the record to show that any other parties were added to the suit. Yet, the final order, which was presented by the attorney for the plaintiff, shows the name of the plaintiff to be "REO Properties Accredited Home Lenders, Inc." It may be that something happened at the trial to correct an improper name. Nevertheless, on appeal, the plaintiff asserts again that its name is "Accredited REO Properties, LLC." Thus, if that is the correct name, the order below is fatally flawed in that it grants a dispossessory to a different entity. We therefore reverse and remand for a hearing on the proper name of the party

---

[1] It was Moore's responsibility to obtain a court reporter for the hearing. "[I]t [is] not incumbent upon the trial judge to arrange for the official reporter to take down the evidence at the . . . hearing[, and] [t]he law does not mandate that every civil case be reported. [Cits.]" *Savage v. Savage*, 234 Ga. 853, 854 (218 SE2d 568) (1975) (interpreting former Code Ann. § 6-805). See also *Quarterman v. Weiss*, 212 Ga. App. 563 (1) (442 SE2d 813) (1994) (citing *Savage* in a dispossessory action).

plaintiff, for correction of any errors in the record, and for further proceedings consistent with this opinion. Cf. *Brand v. Southern Employment Svc.*, 247 Ga. App. 638, 639 (545 SE2d 67) (2001).

   *Judgment reversed and case remanded with instruction. Smith, P. J., and Mikell, J., concur.*

### DECIDED JANUARY 27, 2011.

Angela Moore, *pro se.*

Kenney, Solomon & Medina, Robert J. Solomon, Pendergast & Jones, William J. Layng, Jr., Richard C. Taylor, for appellee.